ELLIS v. BOER.

1. STATUTES—CONSTRUCTION — LEGISLATIVE INTENT — ASCERTAIN-
   MENT.
   From the act under consideration and the legislative journals
   the legislative intent must be ascertained.

2. PRIMARY ELECTIONS—CITY PRIMARIES—GRAND RAPIDS—AMEND-
   MENT OF STATUTE.
   The legislature of 1907, in amending section 1, Act No. 326,
   Local Acts 1903, providing for primary elections in Kent
   county and the city of Grand Rapids, and leaving out of the
   amended section the provision for a city primary, repealed
   the provision for a city primary and leaves the law as to city
   nominations the same as it was before the enactment of the
   law of 1903.

3. SAME—STATUTE—AMENDMENT—EFFECT.
   That the unamended sections of the act of 1903 contain provis-
   ions relative to the machinery provided for holding city prim-
   aries which are not directly repealed is unimportant, since
   such provisions are merely the superstructure built upon the
   foundation laid in section 1 providing for such primaries,
   which, being repealed, repealed all provisions of the act resting
   upon it.

4. SAME—NOMINATIONS—POWER TO MAKE.
   The fact that the Kent county primary law no longer provides
   for the nomination of officers for the city cannot deprive the
   political organizations of the city of Grand Rapids from using
   the ordinary party machinery for making nominations, the
   provision of section 2 of the act (Act No. 326, Local Acts
   1903 ) that the primaries for all parties shall be held upon the
   same day having reference only to the primary elections in-
   cluded within the act.

Certiorari to superior court of Grand Rapids; Stuart,
J.   Submitted November 26, 1907.   (Calendar No
22,586.)   Decided December 10, 1907.

Mandamus by George E. Ellis to compel John L.
Boer, city clerk of Grand Rapids, to receive and file a

petition under the primary election law. There was an order denying the writ, and relator brings certiorari. Affirmed.

*Moses Taggart*, for relator.

*Earl R. Stewart*, for respondent.

McALVAY, C. J. Relator filed his petition for a writ of mandamus against John L. Boer, clerk of the city of Grand Rapids, to require said clerk to receive and file in his office relator's petition, and cause relator's name to be placed upon the ballot as a republican candidate for mayor at the primary election, to be held on the third Tuesday prior to the next general municipal election. The city clerk answered relator's petition, and upon the hearing the writ was denied. The petition referred to, as to its form, the number of qualified signers, and the time of its presentation, complied with the provisions of law before its amendment by the legislature of 1907.

The clerk's reason for the refusal to accept the petition and act upon it was that under his construction of the present law such action was not authorized. This proceeding involves the construction of Act No. 326, Local Acts 1903, as amended. This act was entitled: "An act to provide for the nomination of candidates for election by popular vote and relating to primary elections in Kent county." By its terms it became operative when a majority of the electors within Kent county, voting upon the question, favored its adoption. At the election held for that purpose it was adopted and became operative. The act as it was originally passed provided all the necessary details for primary elections for the nomination of candidates for certain offices within the county of Kent, including the city of Grand Rapids, and also for the nomination of all elective officers for said city, except elective members of the school board.

As the question before us arises on account of certain amendments to section 1 of the act, it will be unneces-

sary to set forth the whole act, or to refer to other provisions of it except as it may be claimed that certain portions may aid our construction in arriving at the legislative intent.

Section 1 of Act No. 326, Local Acts 1903, before any amendments, read as follows:

"SECTION 1. On the eighth Tuesday preceding any election at which members of the State legislature or officers of the county of Kent are to be elected, a primary election shall be held in the several townships of said county and wards of the city of Grand Rapids, and at said primary election the candidates for all elective county officers, judges, representatives and senators in the State legislature, and all other elective officers (excepting members of the school boards, and county commissioners of schools and all township officers) who are to be voted for at the ensuing election, shall be chosen by popular vote as hereinafter provided.

"*On the third Tuesday preceding any charter or special election, a primary election shall be held for the nomination, by direct vote of the people, of all elective officers for the city of Grand Rapids, except the elective members of the school board.*"

This section was first amended by Act No. 597, Local Acts 1905, by inserting a proviso relative to the election of county commissioner of schools, and in no other respect.

The legislature of 1907 amended this section by passing Act No. 728, Local Acts 1907, which reads as follows:

"An act to amend section one of act number three hundred twenty-six of the local acts of nineteen hundred three, entitled 'An act to provide for the nomination of candidates for election by popular vote and relating to primary elections in Kent county.'

"*The People of the State of Michigan enact:* SECTION 1. Section one of act number three hundred twenty-six of the local acts of nineteen hundred three, entitled 'An act to provide for the nomination of candidates for election by popular vote and relating to primary elections in Kent county, is hereby amended to read as follows:

"SECTION 1. On the first Tuesday in September preceding any election at which members of the State legislature or officers of the county of Kent are to be elected,

a primary election shall be held in the several townships of said county and wards of the city of Grand Rapids and at said primary election the candidates for all elective county officers, judges, representatives and senators in the State legislature, and all other elective officers, excepting members of the school boards and county commissioners of schools and all township officers who are to be voted for at the ensuing election shall be chosen by popular vote as hereinafter provided."

. By this amendment the paragraph of the section which provided for a primary election for the nomination by direct vote of all elective officers for the city of Grand Rapids was not re-enacted.

From the act itself and from the legislative journals the legislative intent must be ascertained. *Hart* v. *McElroy*, 72 Mich. 446 (2 L.R.A. 609); *Attorney General* v. *Rice*, 64 Mich. 385. It is clear from reading the act—and there is nothing whatever claimed to be contained in the legislative journals to the contrary—that the legislative intent was not to re-enact the provisions of the section relative to primary elections of elective city officers in the city of Grand Rapids. It is a distinct and direct amendment of the section by an orderly and constitutional legislative enactment, substituting the section as amended for the section as it stood in the law before this amendment.

The provision not re-enacted was the only one in the entire act which authorized and fixed a primary election of city officers in Grand Rapids. It is not the province of the court to inquire why the legislature struck such provision out of the law. It is the province of the court to construe the legislative enactment. There is now no provision in this law for holding such primaries. The action of the council in fixing a day for holding such primary election was therefore without authority and of no force or effect.

Our attention is called to other provisions of the act of 1903 relative to the machinery provided for holding primary elections of city elective officers, and it is urged that not having been directly repealed they still remain

in effect and are the only means whereby elective municipal officers can be nominated. These provisions were the superstructure built upon the foundation laid in section 1 providing for such primary elections. The legislature removed this foundation and by implication repealed all provisions of the act resting upon it. The act originally provided for primary elections for the nomination of two classes of elective officers within Kent county. One class included all elective county officers, judges, representatives, and senators in the State legislature, and all other elective officers (excepting members of school boards and county commissioners of schools and all township officers) who were to be voted for at the ensuing election. The other class included all elective officers of the city of Grand Rapids (except the elective members of the school board) who were to be voted for at any charter or special election. The second class has been eliminated by the legislature. None of the provisions of the law as to the first class have been changed in any manner.

The fact that this law no longer provides for the nomination of city officers cannot deprive the political organizations of the city of Grand Rapids from using the ordinary party machinery for making nominations by conventions or other lawful means. The provisions of the act (Act No. 326, Local Acts 1903, § 2) that "the primary elections of all political parties shall be held at the same time and place and in the manner provided for in this act, and not otherwise," are provisions for primary elections for the nomination only of those elective officers included within the act.

The judgment of the court in denying the writ is affirmed.

CARPENTER, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.