DYKSTRA v. HOLDEN.

1. STATUTES—AMENDMENTS—VALIDITY—LOCAL OPTION.
   That a statute of local application provided that it should be submitted to the people before it became operative does not require that a statute amending or repealing it shall also be submitted to the people before becoming operative, where there is nothing in the amendatory act to indicate that submission is necessary, but, on the contrary, the legislative intent that it shall become a law in the usual manner is clearly indicated.

2. SAME—SUBJECTS AND TITLES OF ACTS—PRIMARY ELECTIONS.
   The title of Act No. 326, Local Acts 1903, providing for the "nomination of candidates for elections by popular vote in Kent county," is sufficiently broad to permit legislation regulating any primary election which may occur in Kent county, whether that primary election is held for the purpose of nominating county officers or municipal officers.

3. ELECTIONS—PRIMARY ELECTIONS—GRAND RAPIDS — REPEAL OF STATUTE.
   Act No. 471, Local Acts 1901, providing for primary elections in the city of Grand Rapids, was expressly repealed by Act No. 326, Local Acts 1903, providing for primary elections in Kent county, which in turn was repealed by Act No. 728, Local Acts 1907, covering the same subject but containing no provision applicable to the city of Grand Rapids, whence there is no local act regulating primary elections in the city of Grand Rapids.

4. SAME—LEGISLATIVE INTENT.
   The legislative intent that nominations of city officers in the city of Grand Rapids shall be made by direct vote cannot be inferred from the general primary election law passed at the last special session of the legislature (Act No. 4, Extra Session 1907), since that act itself exempts Kent county from its provisions.

5. STATUTES—REPEAL—REVIVAL—REPEAL OF REPEALING ACT.
   The rule that a statute once repealed is not revived by the repeal of the repealing act is not applicable to a case in which the original act is not in fact repealed, but merely discontinued in its operation with reference to a particular terri-
   151 MICH.—19.

tory, in which case the discontinuing act being repealed there is nothing to prevent the original act from again becoming operative in the exempted territory.

Certiorari to the superior court of Grand Rapids; Stuart, J. Submitted February 20, 1908. (Calendar No. 22,715.) Decided March 2, 1908.

Mandamus by Ate Dykstra to compel Charles Holden, chairman of the republican city committee of Grand Rapids, to issue a call for a primary election in accordance with Act No. 135, Pub. Acts 1895. There was an order granting the writ, and respondent brings certiorari. Affirmed.

*Joseph Renihan*, for relator.

*Moses Taggart* and *R. M. Ferguson*, for respondent.

CARPENTER, J. Respondent is the chairman of the republican city committee of the city of Grand Rapids. By order of said committee respondent has made a call for a primary election for the nomination of city candidates at the coming spring municipal election by a direct vote of the republican electors of the city and in disregard of Act No. 135 of the Public Acts of 1895 (chapter 93, 1 Comp. Laws). These mandamus proceedings were instituted in the superior court of Grand Rapids to compel respondent to abandon the committee's plan for a primary election and to make a call therefor in accordance with said Act No. 135 of the Public Acts of 1895. The motion was heard in the lower court and a mandamus issued in accordance with relator's prayer. A writ of certiorari brings the proceedings before us for review.

Said Act No. 135 of the Public Acts of 1895 is a general act to provide for the holding of primaries in cities of not less than 15,000 inhabitants and not over 150,000 inhabitants. That act provides for nominating city officers, not by direct vote of the electors, but by a convention composed of delegates selected by the electors, and it did

apply to the city of Grand Rapids from the time of its enactment until 1901, when the legislature by Act No. 471 of the Local Acts of that year passed a special law "Providing for the selection of candidates for elections by popular vote and relating to primary elections in the city of Grand Rapids." Act No. 471 of the Local Acts of 1901 was replaced by Act No. 326 of the Local Acts of 1903, entitled: "An act to provide for the nomination of candidates for election by popular vote and relating to primary elections in Kent county." Section 1 of this last-named act provided for the nomination of "all elective officers for the city of Grand Rapids except the elective members of the school board." Said section 1 was amended by Act No. 728 of the Local Acts of 1907, and all reference to the city officers of the city of Grand Rapids omitted. We held in *Ellis* v. *Boer*, 150 Mich. 452, that in consequence of the amendment made in 1907 primary elections could no longer be held in Grand Rapids under Act No. 326 of the Local Acts of 1903.

One of the questions now raised relates to the correctness of this decision. Section 25 of Act No. 326 of the Local Acts of 1903 provides for the submission of that act to the people before it became operative. It is now insisted that this provision requires the amendatory act—Act No. 728 of the Local Acts of 1907—to be submitted to the people, and as it was not so submitted the latter act never took effect, and, therefore, section 1 of Act No. 326 was never amended. We cannot approve this contention. There is nothing in said Act No. 728 to indicate that it was to be submitted to the people. On the contrary, the legislative intent that it should become a law in the usual manner is clearly indicated. As we stated in *Ellis* v. *Boer*, supra:

"It is a distinct and direct amendment of the section by an orderly and constitutional legislative enactment, substituting the section as amended for the section as it stood in the law before this amendment."

It is now contended that the nomination must be made

under Act No. 471 of the Local Acts of 1901, because it is urged that that act was not repealed by Act No. 326 of the Local Acts of 1903. Act No. 326 of the Local Acts of 1903 does in terms (see section 24) repeal "all acts or parts of acts in any wise contravening the provisions of this act," and Act No. 471 of the Local Acts of 1901 does contravene that part of said Act No. 326 which provides for the nomination of elective officers for the city of Grand Rapids. It is contended, however,—and this is the ground, and the only ground, upon which it is claimed that Act No. 471 is not repealed—that that part of Act No. 326 of the Local Acts of 1903 which provides for the nomination of elective city officers transcends the title of the act and is therefore unconstitutional. We think this contention unsound. The title: "An act to provide for nomination of candidates for election by popular vote * * * in Kent county" is in our judgment sufficiently broad to permit legislation regulating any primary election which might occur within the limits of Kent county, whether that primary election is held for the purpose of nominating county officers or municipal officers, and as the city of Grand Rapids is situated within the county of Kent, the legislation under consideration was constitutional. Act No. 471 of the Local Acts of 1901 was therefore repealed by said Act No. 326 of the Local Acts of 1903. There is, therefore, no local act regulating primary elections in the city of Grand Rapids.

It is urged, however, that the legislative intent that nominations of city officers in the city of Grand Rapids shall be made by a direct vote of the electors and not by the convention system is to be inferred from the general primary election law passed at the last special session of the legislature. (See Act No. 4 of the Laws of the Extra Session, 1907.) We think this contention answered by the act itself. It states (see section 19):

"The provisions of this act shall not be construed to apply to or be operative in the counties of Alpena, Kent, Muskegon and Wayne, except where such counties or

parts of counties form and constitute a part only of a congressional or legislative district * * * or parts of counties, relative to the nomination of party candidates for representative in Congress, State senator, or representative in the State legislature, and except in regard to the nomination of party candidates for governor, lieutenant· governor and United States senator."

This language clearly indicates the, legislative intent that the nomination of elective city officers for Grand Rapids should not be conducted thereunder. Courts have no authority to say that they shall be conducted thereunder or to deduce a legislative intent in opposition to what is so plainly declared.

There remains for consideration this question, viz., Does the repeal of the local act relating to primary elections in the city of Grand Rapids make the general law—Act No. 135 of the Public Acts of 1895 — again operative in that city ? Respondent insists that it does not. He invokes the rule that a statute once repealed is not "revived by the repeal of such subsequent repealing statute." Section 51, 1 Comp. Laws. This rule is inapplicable. The local act did not repeal the general law. It merely exempted the city of Grand Rapids from the operation of said general law, and when the local act was repealed there was nothing to prevent the application of the general law, and it did apply.

It is said in 26 Am. & Eng. Enc. Law (2d Ed.), p. 761:

"And so, too, the statutory rule [the rule invoked by respondent] is inapplicable to cases where the original act has been modified only and not repealed by the later one, as where an act merely excepts a particular class of cases from the operation of a previously existing general law, which continues to be in force. By the repeal of the act creating the exception, the general statute which was in force all the time then becomes applicable to all cases, according to its terms."

See, also, *Mount* v. *Taylor*, L. R. 3 C. P. 645; *Bank*

*for Savings* v. *Collector,* 3 Wall. (U. S.) 495; *Smith* v. *Hoyt,* 14 Wis. 252; *State* v. *Mines,* 38 W. Va. 125.

It follows from this reasoning that the elective officers for the city of Grand Rapids should be nominated under Act No. 135 of the Public Acts of 1895 (chapter 93, 1 Comp. Laws) and that the order of the lower court should be affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and McALVAY, JJ., concurred.