C. N. RAY CORPORATION *v.* SECRETARY OF STATE.

1. CORPORATIONS—FRANCHISE FEE MAY NOT BE EXACTED ON RENEWAL OF CORPORATE LIFE—STATUTES—CONSTITUTIONAL LAW.

No franchise fee, which is an excise tax, may be exacted from a corporation upon renewal or extension of its corporate existence under chapter 4, pt. 1, Act No. 84, Pub. Acts 1921, as sanctioned by section 3, Art. 12, of the Constitution, since the statute provides for none, and the fee provided for in section 4, Act No. 182, Pub. Acts 1891, as amended (3 Comp. Laws 1915, § 11355), may not be exacted under the rule *in pari materia*, because the Constitution (section 6, Art. 10) provides that every law imposing or continuing a tax shall distinctly state the tax and the object to which it is to be applied, and reference to any other law shall be insufficient.

2. SAME—EXTENSION OF CORPORATE LIFE.

Action looking toward an extension of the corporate life of a corporation under the statute must be taken while the corporation is functioning; power being left with the stockholders to let dissolution by time limit take place or by action to such end extend the lease of corporate life.

3. STATUTES—CONSTRUCTION—REPEAL.

Although Act No. 211, Pub. Acts 1927, entitled "An act to repeal certain obsolete and inoperative laws," failed of accomplishment for want of a repealing clause, in considering whether Act No. 182, Pub. Acts 1891, should be considered as inoperative, the fact that the legislature so considered it and enumerated with the other acts to be repealed should be given some weight.

4. SAME—IN PARI MATERIA.

The object of the rule *in pari materia* being to carry into effect the purpose of the legislature as found in harmonious statutes on a subject, it is supine when the intent of the legislature to the contrary is manifested.

5. SAME—CORPORATIONS.

Act No. 182, Pub. Acts 1891, is construed to be obsolete

[1]Corporations, 14 C. J. § 157; [2]Id., 14 C. J. § 183; [3]Statutes, 36 Cyc. p. 1142; [4]Id., 36 Cyc. p. 1150; [5]Corporations, 14 C. J. § 157.

and inoperative and not to be considered *in pari materia* with Act No. 84, Pub. Acts 1921, for the purpose of exacting a fee on extending the corporate life of a corporation.

6. SAME — CONSTRUCTION — GENERAL REVISION REPEALS FORMER ACTS UPON SAME SUBJECT.

   Act No. 84, Pub. Acts 1921, relating to corporations and providing for an extension of corporate existence, is a general revision, designed to embrace the entire subject, and calls for application of the rule that such an enactment operates as a repeal of all former acts upon the subject.

7. SAME—REPEALS BY IMPLICATION NOT FAVORED.

   Repeals by implication are not favored, but do happen, and, when clear, must be given effect.

8. SAME—CONSTRUCTION—CORPORATIONS—UNAMBIGUOUS ACT CALLS FOR NO CONSTRUCTION.

   Practical administrative construction of Act No. 84, Pub. Acts 1921, under which a franchise fee has been exacted on renewal or extension of corporate existence, may not be taken into consideration in determining whether such fee may be legally exacted, where the language of the act is clear and unambiguous, and calls for no construction, and makes no provision for the payment of a fee.

9. TAXATION—CONSTITUTIONAL LAW—TAX NOT CONTINUED BY CONSTITUTIONAL PROVISION.

   Article 10, § 1, of the Constitution, does not bar the legislature from releasing corporations from the payment of a fee on renewing their corporate life, as provided for in 3 Comp. Laws 1915, § 11355, but does bar it from turning the tax from the purposes fixed while it continues, and, therefore, Act No. 84, Pub. Acts 1921, providing for the extension of corporate life is not in conflict with said constitutional provision by reason of its failure to provide for the payment of a fee therefor.

10. MANDAMUS—EXTENSION OF CORPORATE LIFE—FRANCHISE FEE.

    Mandamus will issue, if necessary, to compel the secretary of State to accept and file evidence of a corporation's extension of corporate existence without exacting any franchise fee.

[6]Statutes, 36 Cyc. p. 1079; [7]Id., 36 Cyc. p. 1071; [8]Id., 36 Cyc. p. 1142; [9]Corporations, 14 C. J. § 157; [10]Mandamus, 38 C. J. § 212 (Anno).

Mandamus by the C. N. Ray Corporation to compel John S. Haggerty, secretary of State, to accept and file an extension of corporate existence without the payment of a franchise fee. Submitted December 22, 1927. (Calendar No. 33,497.) Writ granted January 3, 1928.

*Bryant, Lincoln & Miller* (*Joseph H. Clark*, of counsel), for plaintiff.

*William W. Potter*, Attorney General, *Emerson R. Boyles*, Deputy Attorney General, and *Harry A. Metcalf*, Assistant Attorney General, for defendant.

WIEST, J. Plaintiff, a Michigan corporation, organized for profit, seeks our writ of mandamus, directing the secretary of State to accept and file the proper papers extending its corporate existence beyond the initial term of 30 years without exacting a franchise fee.

Plaintiff, under another name, was organized December 31, 1897, with a corporate existence ending, unless renewed, December 31, 1927. In accord with privilege granted by chapter 4, pt. 1, Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [27-33]), sanctioned by the Constitution, section 3, article 12, proper action was taken to extend plaintiff's corporate existence 30 years, and the evidence thereof tendered the secretary of State for acceptance and filing. The secretary of State refused to accept the renewal articles unless paid a franchise fee of $625. The sole question is whether, upon a renewal or extension of corporate existence a franchise fee, as in case of a new corporation, is exacted by law.

The mentioned act of 1921 is silent on the subject of a franchise fee in case of extension of corporate existence. The act grants the privilege of having the corporate life extended and points the method and means for its accomplishment, and provides:

"Any corporation which has thus been renewed shall be the same corporation, shall hold and own all the rights, franchises and property held and owned by the corporation before renewal, be subject to all its liabilities, and have the same stockholders, members and officers." Comp. Laws Supp. 1922, § 9053 (31).

This language is clear and speaks, not of a new corporation, but of a renewal or extension of old corporate life.

Plaintiff, a stock company, organized for profit, had an original term of existence of 30 years, but the provision in the Constitution, section 3, article 12, so limiting the initial term, also permits the legislature to provide by general law, "for one or more extensions of the term of such corporations, while such term is running not exceeding 30 years for each extension, on the consent of not less than two-thirds of the capital stock of the corporation." Such provision contemplates a continuation of corporate existence and not the creation of a new corporation.

It will be noted that the action looking toward an extension of the corporate life must be taken while the corporation is functioning and leaves power with the stockholders to let dissolution by time limit take place or by action to such end extend the lease of corporate life.

The attorney general contends that section 4, Act No. 182, Pub. Acts 1891, as amended (3 Comp. Laws 1915, § 11355), and Act No. 84, Pub. Acts 1921, are *in pari materia*, and, therefore, the franchise fee is payable. The act of 1891, as amended, provided that:

"All corporations whose term of corporate existence, as fixed by their articles of association, shall have expired, or shall be about to expire by limitation, and who shall renew such corporate existence in accordance with law, shall, for the purpose contemplated by this act, be treated and regarded as new corporations, and shall be required to pay the fee provided by this act."

The act of 1891 was entitled:

"An act to provide for the payment of a franchise fee by corporations."

The act of 1921 is a general revision and consolidation of statutes relating to certain corporations, inclusive of plaintiff, and expressly repealed numerous statutes, but not Act No. 182 of 1891. Counsel for plaintiff contend that Act No. 84, Pub. Acts 1921, repeals by necessary implication Act No. 182, Pub. Acts 1891, and besides, the legislature, by Act No. 211, Pub. Acts 1927, declared the act of 1891 obsolete and inoperative and repealed it before plaintiff sought an extension of corporate life.

Counsel for defendant point out the fact that the mentioned act of 1927 failed of accomplishment for want of a repealing clause. Such is the fact. The act of 1927 is entitled:

"An act to repeal certain obsolete and inoperative laws."

The act specifically enumerated 138 laws, parts of laws and joint resolutions, inclusive of Act No. 182, Pub. Acts 1891, but failed to carry out its object by a repealing clause. For want of a repealing clause Act No. 211, Pub. Acts 1927, repealed nothing. While such abortive effort to repeal is no law, yet the solemn attempt serves as a legislative declaration or construction to the effect that the act of 1891 is obsolete and inoperative, and, although not a construction binding upon the court, it is entitled to some weight. See *Burridge* v. *City of Detroit,* 117 Mich. 557, 559 (42 L. R. A. 684, 72 Am. St. Rep. 582).

The object of the rule *in pari materia* is to carry into effect the purpose of the legislature as found in harmonious statutes on a subject, but the rule is supine when the intent of the legislature to the contrary is

manifested even by an abortive attempt to so enact. We think, as did the legislature, that the act of 1891 is obsolete and inoperative and may not be considered *in pari materia* with the act of 1921.

The act of 1921 is not legislation supplemental to the act of 1891, but a general revision, designed to embrace the entire subject of renewal or extension of corporate existence, and calls for application of the rule that such an enactment operates as a repeal of all former acts upon the subject.     As stated in 25 R. C. L. p. 925:

"A mere compilation of laws which is not a code or a revision does not have the effect of repealing existing statutes not included therein.     But where a statute is revised or a series of acts on the same subject is revised and consolidated into one, all parts and provisions of the former act or acts, that are omitted from the revised act, are repealed, even though the omission may have been the result of inadvertence."

Repeals by implication are not favored, but do happen, and, when clear, must be given effect.

Act No. 182, Pub. Acts 1891, constitutes no warrant for exacting the franchise fee.     The franchise fee to be a corporation is an excise tax.     Section 6, article 10, of the Constitution provides:

"Every law which imposes, continues or revives a tax shall distinctly state the tax, and the objects to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object."

The object of the franchise tax is probably sufficiently fixed by section 1, article 10, of the Constitution.     *Walcott* v. *People,* 17 Mich. 68.     But the imposition of the tax is not so fixed.     Section 6, article 10, of the Constitution inhibits reading into the law of 1921 the franchise tax provision in the law of 1891. Such could not be done had the law of 1921 expressly referred to the law of 1891, and what can not be done by an enactment can not in a tax matter be accom-

plished under the rule *in pari materia.* We cannot continue the franchise tax under the law of 1891 and make it payable for the privilege of an extension of corporate existence under the act of 1921. If a franchise fee for the privilege of an extension of corporate existence is to be imposed, the legislature must say so, and the act permitting such an extension, and saying nothing about a franchise fee does not impose a franchise fee or admit of imposition of such a fee under the former law on the subject.

Defendant also sets up practical administrative construction, under which the franchise fee has been exacted of and paid by corporations renewing terms of life under the provisions of the act of 1921, and we are asked to take this into consideration in aid of our judgment. Were the language of the act of 1921 ambiguous, we might be impressed with such practical construction, but the terms of the act are clear, call for no construction, and we may not employ a practical construction in enlargement of the act of 1921. It is contended in behalf of defendant that the legislature is shorn of power to permit an extension of corporate existence without payment of a franchise fee by article 10, section 1, of the Constitution. That section reads:

"All subjects of taxation now contributing to the primary school interest fund under present laws shall continue to contribute to that fund, and all taxes from such subjects shall be first applied in paying the interest on the primary school, university and other educational funds in the order herein named, after which the surplus of such moneys shall be added to and become part of the primary school interest fund."

In effect we are asked to hold that, because section 4, Act No. 182, Pub. Acts 1891, imposed a franchise tax upon a renewal of corporate existence, such subject of taxation became fixed, by the quoted provision of the Constitution of 1908, and could not be released by

subsequent legislation.   The construction contended for is without merit.   The quoted provision bars the legislature from turning the tax from the purposes fixed, while the tax continues, but neither continues the tax nor prevents the elimination of that subject of taxation by the legislature.   The provision relates to the application of the tax only.

The secretary of State is directed to accept and file the evidence of plaintiff's extension of corporate existence without exacting any franchise fee, and, if necessary, the writ of mandamus will issue.   The question presented being of public moment, we do not award costs.

FLANNIGAN, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, BIRD, and SHARPE, JJ., concurred.