## COMMISSIONER OF INTERNAL REVENUE v. HARMON.

### No. 2744.

Circuit Court of Appeals, Tenth Circuit.

Dec. 2, 1943.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Sewall Key, Helen R. Carloss, and Wil-

liam A. Clineburg, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

L. Karlton Mosteller, of Oklahoma City, Okl. (Campbell, Randolph, Mosteller & McElroy, of Oklahoma City, Okl., on the brief), for respondent.

Before PHILLIPS and HUXMAN, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge, delivered the opinion of the Court.

This is an appeal from a decision of the Tax Court of the United States entered January 26, 1943, involving the Federal income tax liability of the respondent Harmon for the taxable year 1939, pursuant to §§ 1141 and 1142 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 1141, 1142.

The question presented is: The respondent and his wife were domiciled in Oklahoma during all of the taxable year 1939. In that year they duly elected to have the Oklahoma Community Property Act irrevocably applied to them and their property beginning November 1, 1939, and thereafter. During the period commencing November 1, 1939, and ending with December 31, 1939, the respondent and his wife received certain sums of community income consisting of earnings of the respondent, income from the separate property of the respondent, and income from the separate property of the respondent's wife. It is admitted that all of these items of income and earnings constituted community income under the Oklahoma Community Property Act.

Oklahoma, by legislative enactment effective July 29, 1939, adopted a community property law similar in some respects to that of Texas and other community property law states. Oklahoma Stats.Ann. Tit. 32, §§ 51–65. This law becomes operative in any particular case only when an election to come under the law is made by any husband and wife. This provision—not found in any other of the traditional community property acts of other states—is as follows: "§ 52. Election to come under act, form of—Filing.—The written election to come under the terms of this Act, referred to in Section 1 of this Act, shall be a written instrument signed and acknowledged in duplicate by both husband and wife, stating in substance that they desire to avail themselves of the Act and have same apply to them and to their property on the first day of the next month in any year subsequent to the filing thereof in both the office of the county clerk

and the Secretary of State as hereinafter provided. Acknowledgments shall be in the form, and may be taken before any officer now prescribed by law for acknowledgments to conveyances of real estate. One of the said written instruments shall be filed in the office of the county clerk of the county of the residence of the signers thereof, and one in the office of the Secretary of State. The county clerks and the Secretary of State shall cause all such instruments to be recorded in records kept for that purpose, and to be properly indexed."

On October 26, 1939, a duly executed election properly executed by the respondent and his wife was filed for record with the county clerk of Nowata County, Oklahoma, and in the office of the Secretary of State on October 27, 1939. By reason thereof the Oklahoma Act applied to respondents and their property on and after November 1, 1939. The taxpayer and his wife filed separate income tax returns for 1939, in which each reported one-half of the amount of income received and deductions taken for the period November 1, 1939, to December 31, 1939.

The Commissioner assessed a deficiency against the taxpayer of $11,029.95. In his determination of the deficiency he denied the taxpayer and his wife the right to divide the community income and the deductions claimed. The Tax Court, however, sustained the taxpayer's right to split the community income and deductions with his wife for Federal income tax purposes, and determined an overpayment of $9,020.74. The taxpayer paid the deficiency and filed a claim for refund after the petition for review was filed.

The points relied upon by the petitioner are set forth on pages 86–89 of the record, and may be briefly summarized as follows: That the Tax Court erred in holding and deciding the Oklahoma Community Property Law is effective to permit the equal division of so-called community income and deductions for Federal income tax purposes between husband and wife, who have elected to come under the terms of the law. In failing to hold and decide that the Oklahoma Community Property Law is not effective to permit the equal division of so-called community income and deductions for Federal income tax purposes between husband and wife who have elected to come under the terms of the law. And in holding and deciding the Oklahoma Community Property Law, once properly invoked by expressed voluntary election by husband

and wife residents in that state, created in each of the spouses a vested estate in one-half of the alleged community property which must be given recognition for Federal income tax purposes.

The Commissioner further argues the Federal income tax law should operate uniformly throughout the states and impose a like burden on married persons domiciled in all states and that tax advantages such as the one in question should not be given to married persons domiciled in a particular group of states, unless no other construction than the one permitting the advantages can be placed on the language of the particular statute in question. That spouses of eight community property states possess such advantages, but those particular statutes were in effect at the time of the adoption of the Sixteenth Amendment. That the situation in Oklahoma is different, the statute having been enacted for the purpose of enabling the citizens of that state to enjoy the tax advantages of the traditional community property states. That the election made gives the earnings of the taxpayer and his wife the label of community property, that this label has no magic qualities and the question whether these entire amounts are taxable to the husband, or taxable one-half to him and one-half to his wife depends upon the respective rights, powers and privileges of the taxpayer and his wife with respect to the amounts. That the Act has failed to achieve its purpose and the taxpayer is taxable on the whole of his earnings and the income from his separate property, because the election necessary to come under the Act constitutes an agreement between the two spouses to divide their earnings and the income from the separate property of one of them. That the Supreme Court has held that such agreements are ineffective to divide the husband's earnings between the husband and wife for purposes of Federal income taxation. Citing Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731—the principle of which case he says is applicable here.

True the election provision necessary to establish a community status under the Oklahoma Act distinguishes this Act from the situation in traditional community property states. In other states the community status is not dependent upon an election or private agreement, but arises automatically by action of law when residents of those states marry, or when married persons become domiciled in those states.

This question has been before the Supreme Court in a series of cases in which the Court construed the community property statutes of different states. A correct application of those decisions to the situation here presented is all that is necessary to a decision.

The case relied upon by petitioner—Lucas v. Earl, supra—arose in California and did not involve or require the construction of the community property law of that state. Earl and his wife agreed by private contract between them that any property "either of us now has or may hereafter acquire * * * in any way * * * shall be treated and considered, and hereby is declared to be received, held, taken and owned by us as joint tenants, and not otherwise, with the right of survivorship." The validity of this agreement was not questioned under the laws of California where the parties lived.

The argument made there was that the basic principle of the income tax law is that it is a tax on income beneficially received and that under this principle the income under this agreement must be taxed as the joint income of the respondent and his wife. That if there was at the moment of receipt of the property an instant of time when the husband held it exclusively as his own, he held it only as a naked trustee and therefore it was taxable as income of the beneficiary. The Court, however, held the Revenue Act in question imposed a tax upon the net income of every individual, including "income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid." Revenue Act 1918, § 213 (a), 40 Stat. 1065. That the case turned upon the import and reasonable construction of the taxing act, and the statute could tax salaries to those who earned them and provided the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That that was the import of the statute before the Court and the income described in the Act was taxable to the husband.

This case was later distinguished by the Supreme Court in Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239. The Court in discussing the Earl case said (281 U.S. at page 117, 51 S.Ct. at page 61, 75 L.Ed.

239): "That case presents quite a different question from this, because here, by law, the earnings are never the property of the husband, but that of the community." Poe v. Seaborn involved the community property law of the State of Washington. The Court held the wife had in Washington a vested property right equal to that of the husband in community property, and although the husband had broad power of control with limited accountability to the wife this power is conferred on him as agent of the community and does not make him owner of the community property and income, nor negative the wife's present interest therein as a co-owner saying, 282 U.S. at page 111, 51 S.Ct. at page 59, 75 L.Ed. 731: "Without further extending this opinion it must suffice to say that it is clear the wife has, in Washington, a vested property right in the community property, equal to that of her husband; and in the income of the community, including salaries or wages of either husband or wife, or both." And squarely held that the husband and wife were entitled to file separate returns, each treating one-half of the community income as their separate property.

The Court conceded the answer to the question involved in the cause was found in the statutes of the particular state and the decisions interpreting them as to a wife's ownership of or interest in community property, pointing out that under the statutes of Washington the husband had the management and control of community personal property, and like power of disposition thereof as of his separate property, and that this power is subject to restrictions inconsistent with a denial of the wife's interest as co-owner. That the wife may borrow for community purposes and bind the community property and the husband may not discharge his separate obligations out of community property. The wife may, suing alone, enjoin collection of his separate debt out of the community property. Further the wife may prevent him from making substantial gifts out of the community property without her consent, and the community property is not liable for the husband's torts not committed in carrying out the business of the community.

In replying to the argument that the husband had the power of conveyance, to make contracts, and to do anything with it short of committing a fraud on the wife, the Court says, citing Warburton v. White, 176 U.S. 484, at page 494, 20 S.Ct. 404, at page 408, 44 L.Ed. 555, holding that where the Washington statute gives the husband the entire management and control and sale of the community property, such a right is vested in him, not because he was the exclusive owner but because by law he was created agent of the community. The proceeds of the property when sold by him become an acquet of the community and not the sole property of the one in whose name the property was bought. That from the very nature of the property relation engendered by the provision for the community trust a trust was imposed on the husband.

Section 56, supra, in part provides: "The wife shall have the management and control and may dispose of that portion of the community property consisting of her earnings, all rents, interest, dividends, incomes and other profits for her separate estate and all other community property the title to which stands in her name. The husband shall have the management and control and may dispose of all other community property * * *". But, as the decisions point out, the power so to manage, control, and dispose of the community property is exercised by the spouses, respectively, not as owner but as agent of the community created by law. It is also true that under the Oklahoma law that part of the community property record title to which is under the husband's name or under his management control and disposition, is subject to his debts. That is likewise true under the Texas statute. See Texas Rev.Stats.Ann. Vernon Civil Code, arts. 4620, 4621. The same is likewise true by implication under the California statute. See California Civil Code, Deering 1941, §§ 167, 168, 172, 172a. Likewise, under Louisiana statutes (La.Civ.Code Ann.), Dart, 1932, Art. 2403 (2372) (N 1409-29), and the Arizona statute (Arizona Code Ann.1939, §§ 63-304 and 63-305).

The Court in the Poe case points out that grounds of public policy justify the conferring of sweeping powers of management on the husband, but that (282 U.S. at page 113, 51 S.Ct. at page 60, 75 L.Ed. 239): "* * * under the law of Washington the entire property and income of the community can no more be said to be that of the husband, than it could rightly be termed that of the wife." The case re-

jects as authority United States v. Robbins, 269 U.S. 315, 46 S.Ct. 148, 70 L.Ed. 285, in which the Court held under the law of California as it then existed and construed by the state court the wife had a mere expectancy and the property rights of the husband were so complete he was in fact owner and the income from community property was taxable to him. Later in United States v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714, the Court held that because of certain amendments to the California statute since the Robbins case and on the authority of the Poe case, supra, the wife had such an interest in the community income that she should separately report and pay the tax on one-half thereof.

Sec. 56 of the Oklahoma Act provides that all property acquired by the husband or wife after the date of the election—except the separate property of either one or the other—shall be community property "and each, subject to the provisions of this Act, shall be vested with an undivided one-half interest therein." This we think brings our case squarely within Poe v. Seaborn, supra.

In Harmon v. Oklahoma Tax Commission, 189 Okl. 475, 118 P.2d 205, the Oklahoma court held the Oklahoma Act valid and income derived by the husband from the sale of oil and gas from producing leases owned and operated by him after the effective date of his election to come under the terms of the Community Property Act is community or common property of the husband and his wife, and should be so treated in estimating amount of income taxes due the state.

The fact that the Oklahoma statute is elective does not differentiate it from other community property statutes. Once the election is made it is irrevocable, and thereafter one-half of the property and the income therefrom vests in each spouse. We see no difference in legal effect between the statute under which the husband and the wife may elect to have the act apply to their property rights in the future, and a statute which operates unless expressly revoked by the contract of the spouses. The community statutes which fall into the latter category are California (see Helvering v. Hickman, 9 Cir., 70 F.2d 985, and Sparkman v. Commissioner, 9 Cir., 112 F. 2d 774) ; Arizona (see Martha Locke Shoneir v. Commissioner, 45 B.T.A. 576; and

Washington (see § 10572, Wash. Rev.Stat. Ann.Remington).

Poe v. Seaborn, supra, was one of a group of cases arising under community property laws of various states decided at the same time. United States v. Robbins, 1926, 269 U.S. 315, 46 S.Ct. 148, 70 L.Ed. 285, (California) ; Goodell v. Koch, 1930, 282 U.S. 118, 51 S.Ct. 62, 75 L.Ed. 247, (Arizona) ; Bender v. Pfaff, 1930, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252, (Louisiana) ; and Hopkins v. Bacon, 1930, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249, (Texas). In Hopkins v. Bacon, supra, the Court said, 282 U.S. at page 125, 51 S.Ct. at page 63, 75 L.Ed. 249 : "In view of our decision in Poe v. Seaborn, the only matter to be examined here is whether under the community property system of Texas the wife has a mere expectancy, as she would under the law of California (cf. United States v. Robbins, 269 U.S. 315, 46 S.Ct. 148, 70 L. Ed. 285), or on the contrary has a proprietary vested interest in the community property such as makes her an owner of one-half of the community income." And held that under the laws of Texas the wife had a present vested interest in such property equal to that of her husband and she and her husband were entitled to make separate returns.

As further ground for reversal the Commissioner urges that the purpose of the enactment of the Oklahoma statute was to give residents of that state Federal income tax advantages over citizens of other states and prevent the flow of capital from Oklahoma to adjoining community property states. On this record we are concerned only with the legal rights created by the statute and the consequences flowing therefrom and cannot inquire into the motives actuating the legislature. State v. Rat Portage Lumber Co., 106 Minn. 1, 115 N.W. 162, 163, 164 : "When the Legislature has the * * * power to enact a given law * * * it is the duty of the courts to construe that act so as to effectuate it." Ellis v. Boer, 150 Mich. 452, 114 N.W. 239, 240 : "It is not the province of the court to inquire why the Legislature struck such a provision out of the law. It is the province of the court to construe the legislative enactment." Furthermore, the Poe case, supra, 282 U.S. at page 114, 51 S.Ct. at page 60, 75 L.Ed. 239, points out that the Treasury twice suggested to Congress an amendment to the Revenue Laws which would impose on the husband

the tax on the whole community income. The Congress, however, has not seen fit to adopt the suggestion.

█ In conclusion let it be said, as stated in Bender v. Pfaff, supra, 282 U.S. at page 132, 51 S.Ct. at page 64, 75 L.Ed. 252, that as long as the wife under the Oklahoma statute has a present vested interest in community property equal to that of her husband, the spouses are entitled to file separate returns, each treating one-half of the community income as income of each "of" them as an individual, as those words are used in the Revenue Act.

The decision of the Tax Court of the United States is affirmed.

HUXMAN, Circuit Judge (dissenting).

I agree that this case is controlled by the decision of the United States Supreme Court in Poe v. Seaborn, 282 U.S. 101, 102, 51 S.Ct. 58, 75 L.Ed. 239. The Poe case passed upon the community property law of the State of Washington. Throughout that opinion the court stressed the fact that the law of Washington gives the wife a present vested interest in the community property and income which cannot be disregarded, and which, if necessary, she can protect in a separate action in court. The court pointed out that the husband may not discharge his separate debts out of the community property, that the wife may sue alone to enjoin collection of his separate debts out of the community property, and that she may prevent his making substantial gifts out of the community property without her consent. The court stated specifically that the wife has a vested property right in the community property and the income equal to that of the husband. The court pointed out that the husband's right of management and operation of the community estate is that of an agent of the community estate and that the broad powers vested in the husband do not negative the wife's present interest in the community estate.

32 O.S.A. § 56, clearly creates a community estate within the decision of the Poe case as to the property covered by the section. It specifically provides that the wife shall have an undivided one-half interest in the community estate. From Section 56 alone, I would have no difficulty in concluding that a husband and wife who had elected to come under the provisions of the act would each have the right to file separate income tax returns and each return one-half of the total community income.

But the Act must be read in its entirety, and whether a community estate is created can be determined only by a consideration of all the provisions of the Act. Section 57 provides: "That portion of the community property, record title to which is in her name or which is under the management, control and disposition of the wife, shall be subject to debts contracted by the wife arising out of tort, or otherwise, but not to debts or liabilities of the husband." And, again: "That portion of the community property, record title to which is in his name or which is under the management, control and disposition of the husband shall be subject to debts contracted by the husband or liabilities of the husband arising out of tort or otherwise, but not the debts or liabilities of the wife."

From this, it follows that if the community estate stands in the name of the husband or is entirely under his control, it is all subject to his personal debts and obligations and may be consumed entirely, if necessary, in payment of such debts. Where, then, is that protection of the wife's one-half interest in the community estate which the Supreme Court stresses so in the Poe case? It simply does not exist. Under Section 57 the community estate may be wiped out completely in satisfaction of the separate debts of the husband.

No provision comparable to Section 57 can be found in the community property statutes of any of the traditional community property states.

It stands admitted that the purpose of the passage of the law was to make available to citizens of Oklahoma the benefits of the community property law for income tax purposes. This Oklahoma had the right to do. But it could not pass a community property law in form and yet for all practical purposes leave the estate or property and right of management, control or enjoyment the same as before the passage of the law. It is my conclusion that the law in question fails to create a genuine community property estate recognizable for income tax purposes within the decisions of the United States Supreme Court. The hands may be the hands of Esau, but the voice is still the voice of Jacob.

I think the decision of the Tax Court should be reversed.