## HOPKINS, COLLECTOR OF INTERNAL REVENUE, v. BACON.

No. 84. Argued October 22, 1930.—Decided November 24, 1930.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist, Mr. Sewall Key, Miss Helen R. Carloss,* Special Assistants to the Attorney General, *Mr. Erwin N. Griswold,* and *Messrs. Clarence M. Charest,* General Counsel, and *T. H. Lewis, Jr.,* Special Attorney, Bureau of Internal Revenue, were on the brief, for Hopkins, Collector of Internal Revenue.

*Messrs. Harry C. Weeks* and *Palmer Hutcheson,* with whom *Messrs. Rhodes S. Baker* and *R. C. Fulbright* were on the brief. for Bacon.

124

Mr. Justice Roberts delivered the opinion of the Court.

This case comes here on writ of certiorari to the Circuit Court of Appeals for the Fifth Circuit. It involves the same questions with respect to community income under Texas law as are involved in *Poe* v. *Seaborn, ante,* p. 101, and *Goodell* v. *Koch, ante,* p. 118, under the law of Arizona and Washington.

Respondent was assessed additional income tax for 1927, because he and his wife had made separate returns and had each returned one-half of the community income, whereas the Commissioner of Internal Revenue asserted that the respondent must return the whole thereof. Respondent paid under protest, brought suit in the District Court (27 Fed. (2d) 140) and recovered judgment. The collector appealed and the Circuit Court of Appeals affirmed the judgment. (38 Fed. (2d) 651.)

In view of our decision in *Poe* v. *Seaborn, supra,* the only matter to be examined here is whether under the community property system of Texas the wife has a mere expectancy, as she would under the law of California (cf. *United States* v. *Robbins,* 269 U. S. 315), or on the contrary has a proprietary vested interest in the community

property such as makes her an owner of one-half of the community income.

The statutes ·contain . sweeping provisions as to what shall be included in community property. They provide that each spouse shall have testamentary power over his or her respective interest in the community property. In the event of failure to exercise such testamentary power they provide that the property shall go in the first instance to the descendants of the deceased spouse. They provide, as is usual in States having the community system, that the husband shall have power of management and control such that he may deal with community property very much as if it were his own. In spite of this, however, it is settled that in Texas the wife has a present vested interest in such property (*Arnold* v. *Leonard,* 114 Tex. 535). Her interest is said to be equal to the husband's (*Wright* v. *Hays' Administrator,* 10 Tex. 130). It is held that the spouses' rights of property in the effects of the community are perfectly equivalent to each other (*Arnold* v. *Leonard, supra*). These expressions as to the wife's interest are confirmed by the authorities holding that if the husband, as agent of the community, acts in fraud of the wife's rights, she is not without remedy in the courts. (*Stramler* v. *Coe,* 15 Tex. 211; *Martin* v. *Moran,* 32 S. W. 904; *Watson* v. *Harris,* 130 S. W. 237; *Davis* v. *Davis,* 186 S. W. 775.)

The applicable statutory provisions · are noted in the margin.*

In view of what has been said in *Poe* v. *Seaborn, supra,* it remains only to say that the interest of a wife in community property in Texas is properly characterized as a

---

.* Revised Civil Statutes, Texas, 1925, Vols. I, II, Articles 1299–1300; 1983–1985; 2578–2579; 3661–3664; 3666–3670; 3672–3678; 3680–3681; 4613–4627; 4634–4635; 4638. Texas General and Special Laws, Reg. Sess. 1927, Chap. 148.

present vested interest, equal and equivalent to that of her husband, and that one-half of the community income is therefore income of the wife. She and her husband are entitled to make separate returns, each of one-half of such income. The judgment of the Circuit Court of Appeals is

*Affirmed.*

The CHIEF JUSTICE and MR. JUSTICE STONE took no part in the consideration or decision of this case.