## COMMISSIONER OF INTERNAL REVENUE v. KING.

### No. 7038.

Circuit Court of Appeals, Fifth Circuit.

March 17, 1934.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

John B. King, of Wichita Falls, Tex., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In October, 1920, the receiver of a railway company, after being authorized by an order, made in the receivership proceeding in the United States District Court for the Southern District of Texas, to bring suit against the Pierce Oil Corporation for damages for alleged breach of two contracts entered into by that corporation for the sale and delivery of fuel oil, entered into an oral agreement with the respondent, a lawyer, who resided in Houston, Tex., for the institution and prosecution of such suit, for which, as stated in a finding of fact, "but wholly contingent upon the successful outcome of the suit, he (the respondent) should be entitled to compensation in an amount to be determined if and when the suit was successfully terminated"; two other lawyers being employed by the receiver and associated with the respondent in the institution and prosecution of that suit. Pursuant to that agreement such suit was instituted and prosecuted, with the result that on February 28, 1923, judgment was rendered by the court in which the receivership proceeding was pending in favor of the receiver and against the Pierce Oil Corporation in the amount of $2,088,483.40, less an offset of $33,105.00. In April, 1923, the Pierce Oil Corporation sued out an appeal to this court from that judgment, and the case was duly briefed on appeal by counsel for the Pierce Oil Corporation and by the respondent and the two other lawyers associated with him as counsel for the receiver. On August 29, 1923, said District Court, by decree entered in the receivership suit, reserved jurisdiction to determine what compensation should be paid to petitioner and the two other lawyers associated with him as counsel for the receiver for services rendered, contingent upon recovery. At the time the above-mentioned agreement was entered into and thereafter the marriage relation existed between the respondent and Mary McAdoo King until August 31, 1923, on which date the wife died intestate, leaving as her heir at law her son, Leon McAdoo King. On July 22, 1924, a decree was entered in the receivership suit authorizing the receiver to settle the case against the Pierce Oil Corporation for $1,555,425.00, and the case was immediately settled on that basis. On September 8, 1924, hearing was had in said District Court, on a petition filed for that purpose by the purchaser of the properties of said Railway Company, to determine the amount of the fee to be allowed petitioner and his co-counsel, and on the same date the court, by order entered, allowed petitioner and his co-counsel a fee of $200,000, of which amount petitioner's share was $52,000, which sum petitioner received in cash on May 11, 1925. By his individual income tax return for the calendar year 1925 respondent reported therein as income the amount of the above-mentioned fee received by him, $52,000, together with other income. After the petitioner, following a determination that the sum of $52,000 received by the respondent in 1925, as above stated, is the separate income of the respondent, had determined a deficiency in tax against respondent for that year, the respondent filed with the Board of Tax Appeals a petition for a redetermination of the deficiency so determined. The Board of Tax Appeals, holding that the above-mentioned fee when received was impressed with the character of community property and belonged one-half to respondent and one-half to the estate of his deceased wife, redetermined the deficiency for the year 1925 by excluding from respondent's net income the amount of $26,000. About the year 1927 respondent made a settlement with his son, Leon McAdoo King, who, under the Texas law (Revised Civil Statutes of Texas 1925, art. 2578), as the only child of his deceased mother, was entitled to one-half of the community estate, in which settlement respondent recognized the above-mentioned fee of $52,000 as community property of respondent and his deceased wife, and the settlement made included the equivalent of one-half of that fee. No income tax return was filed for or on behalf of the estate of Mary McAdoo King for the year 1925.

The petitioner challenges the holding of the Board of Tax Appeals that the above-mentioned fee when it was received was community property and belonged one-half to the respondent and one-half to the estate of his deceased wife, and contends that the amount

of that fee was separate property of the respondent. The question so presented is governed by the law of Texas, the state in which the respondent and his deceased wife resided. Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239; Hopkins v. Bacon, 282 U. S. 122, 51 S. Ct. 62, 75 L. Ed. 249. "All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only. All the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved." Revised Civil Statutes of Texas 1925, art. 4619. Texas decisions are to the effect that, where property is acquired as a result of compliance with the terms of a contract, the question whether, within the meaning of the above set out statute, it is or is not acquired during marriage, depends upon the status existing at the time the contract was entered into; the property being the separate property of the spouse who was a party to such contract if that contract was entered into prior to the marriage, though the performance under the contract was not completed, and a right to the property was not fixed or consummated, until after the marriage, and the property being community property if the acquisition of the right to it was a result of performance of a contract entered into during the marriage, though performance under such contract was not completed, and ownership of the property did not come into existence, until after the marriage was dissolved by the death of one of the spouses. Welder v. Lambert, 91 Tex. 510, 44 S. W. 281, 286; Bishop v. Williams (Tex. Civ. App.) 223 S. W. 512; Evans v. Ingram (Tex. Civ. App.) 288 S. W. 494; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89. In the case of Welder v. Lambert, supra, the question presented was as to the status of land granted to a husband during marriage upon completion, during the marriage, of performance of a contract entered into by the husband prior to the marriage, under which, upon compliance with conditions of the contract, he was to be entitled, not to any specific tract or tracts of land, but to a stated number of leagues of land, which were to be selected after conditions in the contract had been complied with. The court decided that the property in question was the separate property of the husband, saying in the opinion: "In this cause the title originated in the contract of Power and Hewitson with the

state of Coahuila and Texas. That contract, in the language of the Louisiana court, was the 'cause' of the title. Power was single when it was entered into, and the right to earn the lands acquired by it was his separate property. The title relates to its origin, and must take the impress of its character from it." The facts of that case negative the conclusion that the land was held to be the separate property of the husband because of his having had an inchoate title to that land prior to the marriage, as at the time of the marriage he had no claim to any specific or then identifiable land. The statements in the opinion in that case of the grounds upon which the conclusion reached was based indicate that the test therein stated for determining whether property is separate or common is applicable whether the property is real estate or personalty, land or a sum of money. No Texas decision which has come to our notice indicates that the stated test is not applicable where a right to personal property accrues upon performance of a contract. The foundation of respondent's right to the sum which was awarded to him after the dissolution of the marriage by the death of his wife was the contingent fee agreement which was entered into while the marriage relation existed. Nutt v. Knut, 200 U. S. 13, 21, 26 S. Ct. 216, 50 L. Ed. 348. This being so, the position of the respondent with reference to the fee awarded to him was not, as suggested in argument for the petitioner, analogous to that of one whose claim to land rested partly on adverse possession before marriage and partly on adverse possession during marriage, with the result that by Texas decisions that land is classified as community property and not as separate property. Sauvage v. Wauhop (Tex. Civ. App.) 143 S. W. 259; Id. (Tex. Civ. App.) 159 S. W. 185; Cook v. Houston Oil Co. (Tex. Civ. App.) 154 S. W. 279; Creamer v. Briscoe, 101 Tex. 490, 494, 109 S. W. 911, 17 L. R. A. (N. S.) 154, 130 Am. St. Rep. 869. It appears from the opinions in the just cited cases that the reason for such classification is that prior to the expiration of the period of adverse possession required to confer title the possessor has no right whatever to the land adversely possessed. The last-cited cases are readily distinguishable from the instant one, in that, while the marriage relation existed, respondent, in pursuance of the contingent fee agreement, was performing services in the suit for which he was entitled to be paid in the event of his being successful in the suit.

From what occurred it is fairly inferable

that the respondent made no claim that the part of the community estate which upon the death of his wife descended to his son was chargeable on account of services rendered or funds expended after the death of his wife in completing performance of the condition upon which the contingent fee was payable and in bringing about the payment of that fee. This being so, the question whether such a claim would have been allowable if it had been made is not presented for decision.

We are of opinion that the amount of the fee received by the respondent was community property, because the basis of respondent's right to that fee was the contingent fee agreement which was entered into while the marriage relation existed between him and his now deceased wife; the respondent's right or title to that fee being referable to its origin in that contract. It follows that the order under review was not erroneous.

No error appearing, the petition for review is denied.