

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Affirmed by 6-12

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6691
Re: Inclusion of Series E, United
States Government Bonds of the
co-ownership type payable to
husband or wife, in the inher-
itance tax report for taxa-
tion purposes.

In your letter of July 9, 1945, an opinion is re-
quested as to whether Series E United States Government Bonds
of the co-ownership type payable to husband or wife are in-
cludable in inheritance tax reports for taxation purposes.

In the above letter, the policy of the Comptroller's
Department relative to the inclusion of these bonds in the
inheritance tax reports and the reasons therefor are outlined.
The letter states that since this type of bond has been is-
sued it has been included for inheritance tax purposes in
numerous estates and that it has been presumed that such
bonds payable to husband or wife were community property.
It further states that by reason of the presumption that the
bonds were community property an undivided one-half (1/2)
interest therein was believed to be taxable under Article
7117, Revised Civil Statutes of Texas as amended, in that
said interest constituted a "deed, grant, sale or gift made
or intended to take effect and possession or enjoyment after
the death of the grantor or donor". The letter suggests that
such bonds are comparable to a joint bank account of husband
and wife.

With the above letter, there is submitted a copy
of a letter from the attorney for the estate under considera-
tion in which it is contended that no interest in these bonds
passes "on account of the will of the decedent or the laws
of descent or distribution". The attorney argues that in
order for these bonds to be taxable some interest must pass

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

on account of death; that the United States Treasury regulations, which were a part of the contract of purchase, have the effect of giving the surviving spouse ownership under and by virtue of contractual rights and that no property rights pass on account of death. The recent case of Edds v. Mitchall, (184 S. W. 2nd 823) in which the court held that the beneficiary type of United States Government Bonds were in effect contracts for the benefit of third persons, and illustrated such holding by drawing an analogy of that type of bonds to an insurance policy, is cited. The attorney contends that there is no material difference between the theory and reasoning therein and that to be used in a determination of the question presented. To overcome the presumption of the Comptroller's Department that these bonds are community property the attorney suggests an hypothesis that the co-owner named was a person other than the wife; and another, that the husband had a minor son.

The above letters present no issue as to facts. The decedent during his lifetime purchased Series "E" United States Government Bonds and had them made payable to himself or wife and it is agreed that the bonds were purchased with community funds.

In the application of the law, however, the issues between the Comptroller's Department and the attorney for the estate do not appear directly joined. The Comptroller emphasizes that provision of Article 7117 which includes property passing by "deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor". The attorney, however, emphasizes that provision which includes property passing by "Will or by the laws of descent and distribution of this or any other State".

Article 7117, Revised Civil Statutes of Texas as amended, under which the question herein arises, is quoted:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance

Honorable George H. Sheppard, Page 3

under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life, whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, in accordance with the following classification. Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration." (Emphasis added)

The scope of this Article is not limited by the legal device through which property passes on death. It imposes a tax on the right to receive or succeed to the possession or enjoyment of property after the death of the decedent and property comes within the purview of this statute if such possession or enjoyment is made contingent with or postponed until the death of the grantor or donor. (See Bethea v. Sheppard, 143 S. W. 2nd 997).

The primary question in the instant case, therefore, is whether the wife received or succeeded to the possession or enjoyment of all or any part of these Series "S" United States Government Bonds on the death of the husband. There is agreement that the bonds were purchased with community funds and that, since the death of the husband, the wife is the sole

Honorable George H. Sheppard, Page 4

owner of them. It follows that at some time the interest of the husband passed to the wife and it must be determined when and in what manner this change occurred.

These bonds represent a contract with the Government of the United States and the regulations of the Treasury Department are made a part of such contract by reference.

The first applicable regulation provides:

"During the lives of both co-owners the bond will be paid to either co-owner upon his seperate request, without requiring the signature of the other co-owner; and upon payment to either co-owner the other person shall cease to have any interest in the bonds." (Treasury Department Regulations, Subpart K, Section 315.32. Department Circular No. 530, 5th Revision, June 1, 1942. (a)).

Obviously, this regulation is intended to fix the liability of the United States Government in the contract. It makes possession of the bonds the incident of the right to cash them and, once the bonds are cashed, serves to relieve the United States from any further liability. However, it does not regulate the rights of the co-owners as between themselves in the bonds or in the proceeds from the bonds if they are cashed. This regulation is not, therefore, in conflict with the community property law of Texas.

It is well settled that property purchased with community funds, or property exchanged for community property, is community property. (See 23 Tex. Jur. p. 142, Sec. 114 and cases cited). This is true even if the purchase or exchange is transacted in the name of only one spouse and where the transaction is in the names of both spouses the presumption in favor of the community is difficult to overcome. (See 23 Tex. Jur. pp. 355, 356, 357, Sec. 307). As stated, it has been agreed that the bonds in question were purchased with community funds and were made payable to the husband or the wife, and it follows that the bonds are community property during the existence of the community. It also follows that, had they been cashed prior to the community's dissolution, the proceeds would revert to community funds.

It is here noteworthy that in the administration of the laws of the Federal Government (particularly the tax

Honorable George H. Sheppard, Page 5

laws) full credit has been given to the community property law of Texas (see Hopkins v. Bacon, 282 U. S. 122) as well as similar laws of other states (In Louisiana: Bender v. Pfaff, 282 U. S. 127). (In Washington: Poe v. Seaburn, 282 U. S. 101). In Lang v. Commissioner (304 U. S. 64) the community property law of the State of Washington was recognized by the Supreme Court of the United States and it was held that only one-half (1/2) of the proceeds from insurance policies, the wife being the sole beneficiary and all premiums having been paid for with community funds, should be included in the decedent's gross estate; and this case was followed in regard to the community property law of Texas in Estate of Shearn Moody v. Commissioner, 42 B. T. A. 987.

The second applicable regulation provides:

"If either co-owner dies . . . the surviving co-owner will be recognized as the sole and absolute owner of the bond and payment will be made only to him." (Treasury Department Regulations, Subpart K, Section 315.32. Department Circular No. 530, 5th Revision, June 1, 1942. (b)).

In these co-ownership type of bonds, this regulation creates in each co-owner the right of survivorship. As stated, the regulation is a part of the contract and it must be presumed that the parties to the contract intended the effect of the regulation. It follows that in the present case, the husband and wife intended to create by contract the right of survivorship in each other. It is not believed that such a contract violates the community property law of Texas and it would appear that it should be given effect.

As suggested, the recent case of Edds v. Mitchell (supra) in which the court draws an analogy between the parties to a beneficiary type of United States Government Bond and an insurance policy is not irrelevant but, inasmuch as the bonds there in question are the co-ownership type and particularly since the co-owners are husband and wife and the bonds were purchased with community funds, it must be considered in conjunction with the case of Blackmon v. Hansen

(169 S. W. 2nd 955 and affirmed 169 S. W. 2nd 962; and see also Lang v. Commissioner, supra) In the Blackmon v. Hansen case the decedent, after marriage took out policies on his own life, making his wife the beneficiary and paid the premiums with community funds and the court in holding that only one-half (1/2) of the amount was taxable as insurance "taken out by the decedent upon his own life" under the above Article 7117 said:

"In this case the creative force of one-half of this fund was the funds of appellant. In taking out these policies her husband, tentatively at least, gave her his community interest. This gift was never revoked. She did enjoy the privilege of succeeding to this gift upon his death; but insofar as her community funds created same, she did not, by her husband's death, succeed thereto. Her husband at all times prior to his death had the power, within limits, to make a disposition of her community interest in the money devoted to the payment of these premiums to another. He elected to expend same for her benefit. True, if there was a privilege in the policies to change the beneficiary, its exercise could have defeated her interest. But even if there was such a power, he did not choose to exercise it and left her money invested for her benefit. One-half of the amount of these policies only represented, within the meaning of our statutes, 'policies taken out by the decedent upon his own life.' This is what appellant succeeded to upon the death of her husband. . . ."

That the status of the parties in these co-ownership type bonds is analogous to their status in a bank account has also been suggested. Such an analogy is clear between these bonds and a "joint tenancy" type of bank account, wherein funds are deposited in the names of both spouses each having the right to withdraw any part or all of the funds and each succeeding to full ownership of the funds on the death of the other. In fact, it is not impossible to theorize that the status of co-owners in these bonds is one of joint tenancy which, although impossible by operation of law (see Art. 2580, V.A.C.S.) may be created by contract (see Chandler v. Kountze, 130 S. W. 2nd 327).

Honorable George H. Sheppard, Page 7

        Whatever the theory or analogy here applicable, substantially the same results will obtain. In having these bonds made payable to husband or wife, the decedent gave to his wife, "tentatively at least", his community interest therein. Although the gift was revocable or the right bestowed thereby was defeasible through the decedent's cashing of the bonds prior to his death, the bonds were not so cashed and the wife "received or succeeded to the possession or enjoyment" of the decedent's undivided one-half (1/2) interest in the bonds.

        A categorical answer to the hypotheses presented (that the co-owner with the husband was a person other than the wife or that there was a minor son) could be misleading and to discuss them fully would require further hypothesizing as to specific fact situations. It would go far afield from the case here considered and might even lead to the involved subjects of fraud on the part of the husband in exercising his statutory right of control and disposition of the community property and estoppel on the part of the wife through silence or failure to act. This opinion should not, therefore, be enlarged upon nor applied unless the facts are identical with those here considered.

        The foregoing considered, you are advised that it is the opinion of this office that one-half (1/2) of the value of these Series "E" United States Government Bonds, payable to husband or wife and purchased with community funds, is taxable under the Inheritance Tax Laws of Texas and should be included in the inheritance tax report.

                                        Yours very truly

                                ATTORNEY GENERAL OF TEXAS

                        By  _Jackson Littleton_
                                    Jackson Littleton
                                    Assistant

JL:mp

APPROVED
OF...
COMMITTEE
BY BWB
CHAIRMAN