FRANCIS C. MULLEN AND MARGARET S. MULLEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANCIS C. MULLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET S. MULLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22941, 24491, 24492. Promulgated June 15, 1950.

*Francis C. Mullen* and *Margaret S. Mullen, pro se.*
*R. C. Whitley, Esq.,* for the respondent.

1180

**OPINION.**

Van Fossan, *Judge*: The sole question is whether or not the salary of Francis C. Mullen received while he was in the employ of the American Red Cross in Puerto Rico in 1945, 1946, and 1947 was exempt

income under the provisions of section 251 (a) (1) and (3) of the Internal Revenue Code.[1]

The percentage requirements in the two subsections (a) (1) and (3) are conjunctive—it must be shown that 80 per cent of the gross income was derived from sources within a possession of the United States and also that 50 per cent of such income was derived from the active conduct of a trade or business within a possession of the United States. *Arnold Bruckner*, 42 B. T. A. 3.

The income of petitioners, they being residents of the State of Texas during the taxable years, was community income within the community property laws of that state. Since the income of each is community income, the rights of each of the petitioners in that income are "perfectly equivalent to each other." *Hopkins* v. *Bacon*, 282 U. S. 122. Thus the income of Francis C. Mullen is composed of one-half of his earnings and one-half of the income earned by his wife; the income of Margaret S. Mullen is composed of one-half of the income earned by her and one-half of that earned by her husband. The following table compares the earnings of each and source to the total:

| | Puerto Rico | United States | Total |
|---|---|---|---|
| **1945** | | | |
| Francis C. Mullen | $2,427.33 | $426.00 | $2,853.33 |
| Margaret S. Mullen | | 2,140.00 | 2,140.00 |
| Total | 2,427.33 | 2,566.00 | 4,993.33 |
| Percentage | 48.59% | 51.41% | 100.00% |
| **1946** | | | |
| Francis C. Mullen | $3,850.00 | | $3,850.00 |
| Margaret S. Mullen | | $2,387.50 | 2,387.50 |
| Total | 3,850.00 | 2,387.50 | 6,237.50 |
| Percentage | 61.72% | 38.28% | 100.00% |
| **1947** | | | |
| Francis C. Mullen | $3,900.00 | | $3,900.00 |
| Margaret S. Mullen | | $2,233.50 | 2,233.50 |
| Total | 3,900.00 | 2,233.50 | 6,133.50 |
| Percentage | 63.58% | 36.42% | 100.00% |

[1] SEC. 251. INCOME FROM SOURCES WITHIN POSSESSIONS OF UNITED STATES.

(a) GENERAL RULE.—In the case of citizens of the United States or domestic corporations, satisfying the following conditions, gross income means only gross income from sources within the United States—

(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section) for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

(2) If, in the case of such corporation, 50 per centum or more of its gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States; or

(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

It is apparent from the above, first, that less than 80 per cent of the community income was, in any year, derived from sources within Puerto Rico and, second, that, since Francis C. Mullen's income is composed of one-half of what he earned in Puerto Rico and one-half of what his wife earned in the United States, less than 80 per cent of *his* income was ,derived from sources within a possession of the United States.

The petitioners refer us to I. T. 3665, 1944 C. B. 161, which contains the following language from *E. R. Kaufman*, 9 B. T. A. 1180:

> The earnings of the husband from personal services become immediately a part of the community. Any exemption from taxation in relation to those earnings immediately attaches to the total amount, and whatever right the wife may have to report one-half thereof can not affect its taxable status and convert into taxable income that which was exempt when it came into the community.

In that case, however, the earnings of the husband, as an employee of a state, were exempt from Federal income tax under the Revenue Act of 1921 and that- exemption applied regardless of the later inclusion of the earnings in the community. There was no other test which the earnings had to meet in order to be exempt. The earnings of the husband in the present case were not exempt when they came into the community, because, in order to be exempt, the requirements of section 251 have to be complied with first. There is no choice as to when section 251 must apply, that is, before or after the amount earned by each spouse is brought into the community. The rights of each spouse in income being equivalent when it is earned, the question of whether or not any part of that income is exempt under section 251 must follow *after* a hypothetical distribution of the income between the spouses, for it is not until then that their respective rights in the earnings of each are known. In their application to the earnings of the spouses, the principles of community property law do not await the determination of the source of those earnings—they apply at once.

In our opinion the petitioners have not satisfied the requirements of section 251 (a) (1) of the code, and we so hold.

Reviewed by the Court.

*Decisions will be entered for the respondent.*