**MOODY v. MOODY.**

No. 12660.

Court of Civil Appeals of Texas.

Galveston.

Feb. 4, 1954.

Rehearing Denied March 11, 1954.

---

Wigley, McLeod, Mills & Shirley and V. W. McLeod, Galveston, for appellant.

Williams & Thornton and Bryan F. Williams, Galveston, for appellee.

GRAVES, Justice.

Mrs. M. M. G. Moody, appellant herein, instituted this suit in the Tenth District Court of Galveston County, Texas, against W. L. Moody, III, the appellee, her divorced husband, to recover for income tax payments made by Mrs. Moody covering the portion of the year 1947, during which

the parties were husband and wife—that is, from January 1 to May 23 of that year, 1947.

Trial was before the court without a jury.

The judgment of the trial court was that Mrs. Moody take nothing by reason of her suit, and no findings of fact or law were either requested, or otherwise made.

In support of her appeal, appellant presents these two points of error: (1) The trial court erred in refusing to enter judgment for the appellant for the amount of Federal income taxes paid by appellant on income for the portion of the year 1947, during which appellant and appellee were married—that is, from January 1 to May 23, 1947—since, under the settlement agreement entered into between the parties, appellee was obligated to pay those taxes; and, (2) The trial court erred in giving appellee credit on the payment of such taxes for an over-payment certificate for the 1946 taxes, owed by the appellant, since, under the settlement agreement, the over-payment certificate was awarded to appellant, as her individual property.

Neither of these presentments, it is determined, should be sustained. The record shows that the parties, after having been husband and wife for 13 years, were divorced by a decree of court on May 23rd, of 1947, and, thereupon, divided and partitioned a very large community estate, under a written agreement between them, by which she received many specific pieces of property therein specified, including all that was then standing in her own name, which she was to receive "free from all community debts existing against said property." She then added the allegation, from which this litigation has ensued, to the effect that the appellee had, under that contract, become obligated to pay all income taxes on income received during her marriage with him, "particularly for the period from January 1, 1947, to May 23, 1947, totalling $4,677.95, for which she sought a recovery from the appellee.

Since the appellee's counter-points and appended authorities are thought to fully support the challenged judgment, they, too, are thus quoted:

"First * * *: No part of Appellant's tax upon her own income for the year 1947, including her community income for that year, was a debt which the contract between Appellee and her obligated him to pay.

"Second * * *: If any part of Appellant's 1947 income tax can be considered as a debt, existing at the time the contract between Appellee and her was made, it was a debt incurred by her as the owner of her share of the community income for that year, payment of which she expressly assumed by the contract.

"Third * * *: The contract between Appellant and Appellee does not obligate him to re-imburse her for the amount of the over-payment credit on her 1946 income tax, which she utilized in paying, in part, her income tax for the year 1947.

"Authorities * * *: Rompel v. United States, D.C., 59 F.Supp. 483; Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249; Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 71 L.Ed. 239; Commissioner of Internal Revenue v. Cavanagh, 9 Cir., 125 F.2d 366; Hammonds v. Commissioner of Internal Revenue, 10 Cir., 106 F.2d 420; Walker v. Mann, Tex.Civ.App., 143 S.W.2d 152; American Jurisprudence, Vol. 51, Taxation Sect. 8; Bryant v. McMurrey, Tex.Civ.App., 246 S.W.2d 249; 26 U.S.C.A. §§ 59(d), 322(a) (3)."

While the parties in their briefs refer to and discuss over-all issues between themselves, under their written contract of settlement following their divorce, as indicated, it seems to this Court that the one issue raised by the appellant against the appellee in this particular suit under that general contract between them well nigh settles itself by the record brought here; in other words, she simply sued him for the amount she had had to pay, or at least did pay, $4,677.95, to the Government on her income tax from January 1, to May 23 of 1947, which she claimed he was liable for under their contract; whereas, as this

Court reads it, that contract clearly bound the appellant to meet that obligation rather than the appellee. Such provision of the contract was this:

"4. All indebtedness of any kind or nature heretofore, or which may hereafter be, incurred by Mrs. Moody including, without limitation, any and all costs (except clerks', sheriffs', judges' and reporters' fees), expenses and attorney's fees incurred in connection with the case herein referred to, shall be the sole liability and responsibility of Mrs. Moody, and are herewith expressly assumed by her."

She had received as her one-half of the community income for the whole of 1947 the sum of $14,884.20, hence she had been amply able to meet her part of the income tax for the period here involved, $4,677.95.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

### On Motion for Rehearing.

HAMBLEN, Chief Justice (concurring).

I concur in the result reached by Associate Justice GRAVES, but upon reasoning different from that which he applies. The obligation of appellant to pay her income tax depends not upon the provisions of paragraph 4. of the partition agreement. That provision, in my opinion, clearly has reference only to indebtedness incurred in connection with the divorce suit then pending. The rights of the respective parties depend entirely upon the proper construction to be placed on that portion of the agreement which provides that Mrs. Moody is to receive certain specified properties "free from all community debts existing against said property." Neither, in my opinion, do their rights depend upon whether or not the word "debt" or "indebtedness" is broad enough to include income taxes. In fact had the agreement provided that Mrs. Moody was to receive the specified properties "free from all community debts," without further limitation, there might then be discernible to me the

intention to include income taxes. But the limitation of debts to those "existing against said property," indicates to me that the parties contemplated only that class of debts which would, as of the date of their agreement constitute liens or incumbrances against the specified property. It amounted to nothing more than a representation that Mr. Moody was transferring to Mrs. Moody the unencumbered fee simple estate in the properties subject to such alienation or disposition as she might see fit to make. The fact that our internal revenue laws permit director to subject all property owned by the taxpayer to a lien to effect collection, does not impinge upon that representation.

For that reason, appellant's motion for rehearing should be refused.

CODY, Justice (dissenting).

I have concluded that appellant's motion should be granted to the extent that her point should be sustained asking that she have judgment over against appellee for the amount of the income tax which accrued during the part of the year 1947 which she and Mr. Moody remained married and which she had to pay. I must therefore dissent from the order completely overruling appellant's motion for rehearing.

The contract of partition of the community provided that Mrs. Moody should have the various items of property therein specified as her share of the community estate "free from all community debts existing against said property." The indebtedness for income taxes for the period from January 1 to May 23, 1947 had attached when the parties were divorced on the latter date. Nothing the parties could do could change the true amount owed by them to the Government for that period. Whether that indebtedness was then liquidated, matured or inchoate, it was a community debt. Words could not well be chosen which would express more comprehensively the intention that Mr. Moody should pay all community debts then were employed by the parties. Any community debts which were not thereby included had to be ex-

pressly excluded. That explains why the parties inserted paragraph 4 in the partition agreement.

In my opinion the words "existing against said property" do not mean existing as a lien against such property. What they literally mean is, in my opinion, that the items of property which were set aside to Mrs. Moody, and the income therefrom, shall not thereafter be diminished on account of any community indebtedness. In other words, the language used means that Mrs. Moody gets the specified property and Mr. Moody gets all of the rest of the property, subject to the community debts, so that he must pay same.

I reserved judgment when the Court first announced its decision, and wrote a tentative opinion so the parties could, if they would, indicate why such views were wrong.

This formal dissent is substituted for my former tentative dissenting opinion, which is withdrawn.