ALMA J. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 6021-80.
United States Tax Court
T.C. Memo 1982-140; 1982 Tax Ct. Memo LEXIS 610; 43 T.C.M. (CCH) 825; T.C.M. (RIA) 82140; March 22, 1982. Alma J. Smith, pro se. David W. Johnson, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 1,824 deficiency in petitioner's 1976 Federal income tax and imposed an addition to tax of $ 91.20 under section 6653(a). [1] The issues for decision are: 1. Whether petitioner had community property income as determined by respondent for 1976. 2. Whether petitioner is entitled to itemized deductions *611 in excess of the amounts allowed by respondent. 3. Whether petitioner is liable for the addition to tax under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner Alma J. Smith resided with her husband, James T. Smith, in LaPorte, Texas, during the taxable year 1976 and when she filed her petition in this case. Petitioner filed her 1976 Federal income tax return, using the married person filing separately tax rates, with the Internal Revenue Service Center, Austin, Texas. During 1976, petitioner was employed by the Alvin Independent School District and earned wages therefrom of $ 9,857.39, while her husband was employed as a pipefitter and earned wages therefrom of $ 18,209.63. On her 1976 tax return, petitioner reported her individual wages of $ 9,857.39 that she received from the Alvin Independent School District, but she did not report any portion of her husband's wages as income. In addition, petitioner claimed the following itemized deductions: Taxes: Real estate tax
$ 617.44
Gasoline tax (tables)
83.00
General sales tax (tables)
90.00
General sales tax (car)
427.04
Total taxes
$ 1,217.48
Interest: Mortgage interest
$ 2,776.54
Department store interest
1.52
Note interest
205.13
Total interest
$ 2,983.19
Miscellaneous: Union dues
$ 73.00
Total miscellaneous
$ 73.00
Total itemized deductions claimed
$ 4,273.67
*612 In the notice of deficiency, respondent determined that petitioner and her husband had community property income of $ 28,067.02 and that her community property share of such income was $ 14,033.51. Respondent also determined that petitioner was not entitled to any of the claimed itemized deductions, but instead allowed her the maximum standard deduction of $ 1,400 for 1976. Respondent has since conceded, however, that petitioner is entitled to the following itemized deductions: Taxes: Real estate tax
$ 257.72
Personal property tax
30.60
Gasoline tax (tables)
21.50
General sales tax (tables)
125.00
General sales tax (car)
213.52
Total taxes
$ 648.34
Interest: Mortgage interest
$ 1,388.27
Department store interest
.76
Note interest
102.57
Total interest
$ 1,491.60
Miscellaneous: Union dues
$ 36.50
Total miscellaneous
$ 36.50
Total itemized deductions allowed
$ 2,176.44
OPINION Issuesl and 2: Community Property Income and Itemized Deductions
Texas is a community property state. TEX.FAM. CODE ANN., sec. 5.01 et seq. (Vernon 1975). Under Texas law, community property is defined as all property acquired by either spouse *613 during the marriage other than property acquired by gift, devise, descent, or in recovery for personal injuries sustained by a spouse during the marriage. TEX. FAM. CODE ANN., sec. 5.01 (Vernon 1975). Each spouse has a vested interest in and is one-half owner of all the community property. Hopkins v. Bacon,282 U.S. 122 (1930). See also Johnson v. Commissioner,72 T.C. 340 (1979). A spouse in a community property state is liable for the Federal income tax on one-half of the community property income realized during the existence of the community. United States v. Mitchell,403 U.S. 190 (1971). Petitioner has challenged respondent's determination of her share of community income for 1976 relying on arguments that demonstrate considerable confusion and a clear misunderstanding of the applicable law. Essentially, petitioner maintains that her husband's wages constituted common law wages and that such wages represent an equal exchange of labor for wages which is not subject to taxation as income. Consequently, she concludes that her one-half community property share of those wages was not includable in her income. [2]
*614 While we believe that petitioner's opposition to respondent's determination was founded upon sincere conviction, her position is in fact unsupportable. Her husband's wages clearly constituted taxable income under section 61(a). See Commissioner v. GlenshawGlass Co.,348 U.S. 426 (1955); Eisner v. Macomber,252 U.S. 189 (1920). Accordingly, we sustain respondent's determination of her community income. During the trial of the instant case, petitioner offered substantiation of her claimed itemized expense deductions. Respondent accepted most of petitioner's substantiation and allowed her to deduct one-half of the amounts so accepted. Since Texas is a community property state, each spouse is generally entitled to deduct one-half of all the deductible expenses properly chargeable against the community income. Johnson v. Commissioner,supra at 347. Petitioner made no effort to establish that any of the claimed deductions were chargeable solely against her separate property and not the community. Moreover, petitioner failed to provide satisfactory substantiation beyond that accepted by respondent and, therefore, is not *615 entitled to deductions in excess of those allowed by respondent. See Rule 142(a), Tax Court Rules of Practice and Procedure.
Issue 3: Sec. 6653(a) Addition to Tax
Respondent determined that all or part of petitioner's underpayment of tax was due to negligence or intentional disregard of rules and regulations and determined the addition to tax under section 6653(a). The burden of proving that the imposition of the addition to tax is erroneous rests upon petitioner. Enoch v. Commissioner,57 T.C. 781, 802 (1972). Although we believe that petitioner's belief as to the taxability of her husband's wages was sincere, such belief was not reasonable. By the exercise of ordinary prudence, petitioner could have determined that her husband's wages constituted taxable income. [3] Accordingly, we must sustain the addition to tax imposed by respondent. Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. Although this represents the gist of petitioner's argument, her brief was much more detailed in its confusion.↩
3. See Wangrud v. Commissioner,T.C. Memo. 1980-162↩.