T.C. Memo. 2007-301

UNITED STATES TAX COURT

DANIEL G. CALLAHAN, ET AL.,[1] Petitioners $\underline{v}$. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket Nos. 10256-04, 10257-04,     Filed October 2, 2007.
        23879-04.

Daniel G. and Mary E. Callahan, pro se.

James M. Klein and Mark J. Miller, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, Judge:  Respondent determined the following
deficiencies in, and additions to, petitioners' Federal income
tax:

---

[1] Cases of the following petitioner are consolidated
herewith:  Mary E. Callahan, docket Nos. 10257-04 and 23879-04.

| Daniel G. Callahan | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1997 | $2,936 | $734.00 | $157.07 |
| 1998 | 3,064 | 766.00 | 140.23 |
| 1999 | 3,086 | 771.50 | 149.34 |

| Mary E. Callahan | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1997 | $9,971 | $1,337.75 | $258.82 |
| 1998 | 9,994 | 1,330.50 | 219.77 |
| 1999 | 10,509 | 1,373.00 | 238.80 |
| 2002 | 10,433 | 3,129.90 | 348.64 |

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

These cases were consolidated for trial, briefing, and opinion.  At trial, respondent moved to amend the pleadings to conform to the proof, to the effect that petitioner Mary E. Callahan (Mrs. Callahan) was required to report one-half of petitioner Daniel G. Callahan's (Mr. Callahan) income of $41,290 for 2002.  We must decide the following issues:  (1) Whether petitioners had unreported income in 1997, 1998, 1999, and 2002, as respondent determined; (2) whether petitioners must split their income in each year at issue on account of Wisconsin's marital property laws; (3) whether petitioners are liable for additions to tax under section 6651(a)(1) for those years; (4)

whether petitioners are liable for additions to tax under section 6654 for those years; and (5) whether petitioners are liable for penalties under section 6673(a)(1).

## FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated by this reference. At the time the petitions were filed, petitioners resided in Wisconsin.

Mr. Callahan and Mrs. Callahan were married in 1990 and have resided together in the same household in Wisconsin since that time, through the years in issue. Petitioners do not have a marital property agreement and have not opted out of the marital property laws of Wisconsin.

Mrs. Callahan provided medical services at a medical group in Racine, Wisconsin. For her services as a nurse practitioner, she received payments of $51,117, $51,092, $53,630, and $59,656 in 1997, 1998, 1999, and 2002, respectively. She received dividend income of $151, $177, $210, and $221 in 1997, 1998, 1999, and 2002, respectively, as well as interest income of $26 in 1999 and $26 in 2002.

Mr. Callahan received payment of $1,000 from Idea Consulting in 1998, as well as interest income of $36 and $30 in 1997 and 1998, respectively. He also received $41,290 as compensation for his services from J. Tyson & Associates in 2002.

Petitioners did not file Forms 1040, U.S. Individual Income Tax Return, for any of the taxable years 1997, 1998, 1999, and 2002. The last time petitioners filed Federal income tax returns before the years at issue was in 1993. Petitioners made no estimated tax payments for any of the years at issue.

OPINION

Respondent determined that petitioners had unreported income in the aforementioned amounts for 1997, 1998, and 1999, as well as additions to tax under section 6651(a)(1) for failing to file returns and under section 6654 for failing to make estimated tax payments for each of those years. Respondent determined deficiencies for each petitioner based on the full amount of his or her income earned in each year, as well as half of the income earned by each petitioner's spouse in that year.[2] Respondent also determined that Mrs. Callahan had unreported income in 2002 as well as additions to tax under sections 6651(a)(1) and 6654. Respondent also asserted, in a motion to amend the pleadings, that she had marital income equal to one-half of Mr. Callahan's compensation for services in that year.

---

[2] Respondent acknowledges that the notices of deficiency at issue create a "whipsaw" for each petitioner. He concedes that in the event the Court finds that Wisconsin marital property law gives each petitioner a present undivided one-half interest in the income of his or her spouse earned during the years in issue, each petitioner is not taxable on the half of his or her income in which his or her spouse holds the aforementioned interest. Instead the income is attributable to the spouse who holds the present undivided interest in it.

Respondent's Motion To Amend Pleadings

At trial, respondent moved to amend the pleadings to conform them to the evidence adduced concerning Mr. Callahan's income in 2002 and to increase Mrs. Callahan's deficiency for 2002, on account of her marital share of Mr. Callahan's income in that year.

Whether a motion seeking an amendment of the pleadings should be granted is within the discretion of the Court. Commissioner v. Estate of Long, 304 F.2d 136 (9th Cir. 1962). Leave to amend the pleadings to conform to the proof shall be given freely when justice so requires and, where the nonmoving party has objected to the evidence giving rise to the motion to amend, the nonmoving party has failed to satisfy the Court that the admission of the evidence would prejudice such party. Rule 41(b)(2).

Respondent seeks to amend the pleadings to assert that Mrs. Callahan had marital income to the extent of one-half of Mr. Callahan's $41,290 in compensation for services from J. Tyson & Associates in 2002.[3] Petitioners did not object to the admission of the evidence concerning Mr. Callahan's 2002 income; indeed, they stipulated that he received it. Moreover, petitioners were

---

[3] Mr. Callahan's 2002 taxable year is not at issue in this case.

directed to address the issue of respondent's motion to amend the pleadings on brief but failed to do so.

Petitioners have identified no prejudice, and we fail to see any. Mrs. Callahan's 2002 taxable year has at all times been at issue in this proceeding, and she was on notice by virtue of the notice of deficiency issued to her for 1997 and 1998, as well as respondent's pretrial memorandum, that respondent intended to allocate marital income to her on account of Wisconsin marital property law. We conclude that amendment of the pleadings should be allowed as sought by respondent.[4]

Wisconsin Marital Property Law

Under Wisconsin law, all income earned during marriage by spouses domiciled in Wisconsin is presumed to be marital property.[5] Wis. Stat. Ann. sec. 766.31(4), 766.01(8) (West 2001). Marital property includes spousal wages, dividends, interest, and economic benefits attributed to a spouse. Wis. Stat. Ann. sec. 766.01(10); Park Bank-West v. Mueller, 444 N.W.2d 754, 759 (Wis. Ct. App. 1989). Each spouse has a present

---

[4] While under Rule 142(a) respondent bears the burden of proof with respect to Mrs. Callahan's increased 2002 deficiency resulting from his amendment of the pleadings, that burden is of no consequence because petitioners have stipulated the income giving rise to the deficiency.

[5] In enacting the marital property statute, the Wisconsin legislature intended that marital property be a form of community property. See Wis. Stat. Ann. sec. 766.001(2) (West 2001). The Commissioner treats it as such for Federal income tax purposes. Rev. Rul. 87-13, 1987-1 C.B. 20.

undivided one-half interest in the other spouse's income earned during the marriage.  Wis. Stat. Ann. sec. 766.31(1)-(2); see Gerczak v. Estate of Gerczak, 702 N.W.2d 72, 78 (Wis. Ct. App. 2005); Park Bank-West v. Mueller, supra.  Spouses may reclassify marital property as individual property by, inter alia, a marital property agreement.  Wis. Stat. Ann. sec. 766.31(10).

Petitioners were married during the years at issue and maintained a residence in Wisconsin.  We are therefore satisfied that they were domiciled in Wisconsin; they have not maintained otherwise.  See Wisconsin v. Corey J.G., 572 N.W.2d 845, 853 (Wis. 1998).  Petitioners have not attempted to reclassify their marital property as individual property.  Accordingly, they each hold an undivided one-half interest in all items of income at issue in this case.

When a husband and wife who are domiciled in a community property State file separate returns or no returns, any marital property income must be split between them.[6]  United States v. Mitchell, 403 U.S. 190, 196 (1971); Hopkins v. Bacon, 282 U.S. 122, 127 (1930); Poe v. Seaborn, 282 U.S. 101 (1930); Johnson v. Commissioner, 72 T.C. 340, 343 (1979).  Because all items of income at issue in this case are marital property and petitioners

---

[6] When a separate return has been filed, married taxpayers forfeit their right to file a joint return for the relevant year upon the issuance of a notice of deficiency to, and the filing of a petition in this Court by, either spouse.  Sec. 6013(b)(2)(B).

did not file returns for the years at issue, all of these items
of income must be equally split between them.

Unreported Income

Petitioners have admitted the receipt of each item of income
respondent determined. Their arguments that this income was not
taxable are frivolous tax-protester arguments that we need not
"refute * * * with somber reasoning and copious citation of
precedent; to do so might suggest that these arguments have some
colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417
(5th Cir. 1984). After splitting each item of income at issue
equally between petitioners and attributing half of Mr.
Callahan's 2002 income to Mrs. Callahan, we conclude that
petitioners had unreported income in the following amounts:

Mr. Callahan

| Year | Compensation for Services | Dividends & Interest | Marital Income |
|------|---------------------------|----------------------|----------------|
| 1997 | -0- | $18 | $25,634 |
| 1998 | $500 | 15 | 25,635 |
| 1999 | -0- | -0- | 26,933 |

Mrs. Callahan

| Year | Compensation for Services | Dividends & Interest | Marital Income |
|------|---------------------------|----------------------|----------------|
| 1997 | $25,559 | $76 | $18 |
| 1998 | 25,546 | 89 | 515 |
| 1999 | 26,815 | 118 | -0- |
| 2002 | 29,828 | 124 | 20,645 |

Additions to Tax

Under section 7491(c), respondent has the burden of production with respect to petitioners' liability for the additions to tax under sections 6651(a)(1) and 6654. Respondent must accordingly offer sufficient evidence to indicate that it is appropriate to impose each addition. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once this burden is met, petitioners bear the burden of proving error in the determination, including evidence of exculpatory factors. Id. at 446-447.

A. Section 6651(a)(1) Additions

Section 6651(a)(1) provides for an addition to tax for a taxpayer's failure to file a required return on or before the due date, including extensions. Respondent determined that Mrs. Callahan is liable for section 6651(a)(1) additions for 1997, 1998, 1999, and 2002 and determined that Mr. Callahan is liable for section 6651(a)(1) additions for 1997, 1998, and 1999.

Petitioners have admitted receiving income during each of these years in amounts sufficient to obligate them to file Federal income tax returns. See sec. 6012. Petitioners admitted that they did not file returns for any of their years in issue. Therefore, respondent has met his burden of production under section 7491(c).

Petitioners have offered no evidence of reasonable cause for their failure to file. Accordingly, we sustain respondent's

determination that petitioners are liable for additions to tax under section 6651(a)(1) for each of their years in issue.

B.  Section 6654 Additions

Respondent determined that Mrs. Callahan is liable for additions to tax pursuant to section 6654 for failure to pay estimated tax for 1997, 1998, 1999, and 2002 and determined that Mr. Callahan is liable for additions pursuant to section 6654 for 1997, 1998, and 1999.

An individual taxpayer generally has an obligation to pay estimated tax for a particular year only if he or she has a "required annual payment" for that year.  Sec. 6654(d).  A "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1).  Respondent's burden of production under section 7491(c) for the section 6654 addition to tax requires him to produce evidence that petitioners had required annual payments for the years in issue.  See Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006).

As our deficiency determinations establish, petitioners had tax due for each of their years in issue.  Since petitioners admitted they had not filed returns since 1993, they did not file

for any year that immediately preceded any of the years at issue, nor did they pay any estimated tax for their years at issue. We accordingly conclude that respondent has met his burden of production regarding the section 6654 additions with sufficient evidence to indicate that petitioners had required annual payments for each of their years at issue.

We do not find that petitioners are entitled to any of the statutorily provided exceptions to the section 6654 addition to tax or that respondent's determinations were incorrect. Accordingly, we sustain the additions under section 6654 for each of petitioners' years at issue.

Section 6673 Penalty

Respondent has moved for a penalty under section 6673(a)(1). Whenever it appears to the Court that proceedings have been instituted or maintained primarily for delay or the taxpayer's position in such proceedings is frivolous or groundless, the Court may require the taxpayer to pay a penalty not in excess of $25,000. Sec. 6673(a)(1).

Petitioners presented no substantive evidence in support of their positions. Instead, they advanced numerous frivolous tax-protester arguments, such as claiming that labor is property that gives rise to an "even" exchange when it is traded for money and that income is not defined in the Internal Revenue Code. Petitioners were warned at trial that their arguments were

frivolous and could subject them to penalties under section 6673. Petitioners were directed to address in their brief the question of whether a section 6673 penalty should be imposed on them. They failed to do so, instead persisting in advancing frivolous tax-protester arguments.

Petitioners' conduct in this case has wasted the time and resources of this Court. Their disregard of the Court's warning indicates that stronger deterrents are appropriate. Consequently, the Court will exercise its discretion to impose a penalty of $1,500 upon each petitioner pursuant to section 6673(a)(1).

To reflect the foregoing,

<u>Appropriate orders and</u>
<u>decisions will be entered under</u>
<u>Rule 155</u>.