ARTHUR A. BYERLEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17999. Promulgated December 30, 1949.

*J. Emmett Tunney, Esq.*, for the petitioner.
*A. J. Friedman, Esq.*, for the respondent.

---

* * * * * * *

1086

## OPINION.

OPPER, *Judge*: In its essential elements this proceeding is comparable on the first issue to *Clifford R. Allen, Jr.*, 12 T. C. 227. We can not find here that petitioner rendered any more cognizable serv-

ices to the present partnership than were involved in that case, with the result that the partnership income is no more attributable to petitioner's services than to those of his wife. Granting that she performed no services either, and that her partnership capital interest originated with petitioner, there is no more ground for denying the reality of the gift here than there was in the *Allen* case.

While it is true that petitioner here retained a nominal interest in the partnership after the transfer of the preponderance of his interest to his wife, there was not, as in *Simmons* v. *Commissioner* (C. C. A., 5th Cir.), 164 Fed. (2d) 220, any continuance of his partnership activities, since these were negligible both before and after the transfer. The partnership earnings belonging to the Byerlein family were the proceeds of property which during the period in controversy there is no reason to doubt belonged to the wife and was subject to her control, and the income of which she received and withdrew without restriction. The record thus shows that the income in issue was not the product of petitioner's services nor, if capital was a significant income-producing factor, of any capital which he owned, controlled, or used. Cf. *Commissioner* v. *Culbertson*, 337 U. S. 733. We think respondent erred in attributing to petitioner the income resulting from the wife's interest in the partnership. *Clifford R. Allen, Jr., supra.*

Upon this disposition of the partnership issue, no question remains as to the deduction for accounting services rendered to the wife. Other expenses claimed to have been incurred by petitioner himself we have disposed of in our findings. Respondent's only resistance is based on lack of substantiation. Estimation and allocation have been undertaken as completely as the record permits. *Cohan* v. *Commissioner* (C. C. A., 2d Cir.), 39 Fed. (2d) 540.

The final issue relating to loss on the abandonment of oil leases must be decided in petitioner's favor. Evidence of his investment and of the worthlessness, forfeiture, and abandonment of the leases is all present. *Harvey A. Heller*, 1 T. C. 222; acq., 1943 C. B. 11. We have drawn from the record the necessary conclusions as to the year in which the losses occurred and have found the facts accordingly. In this respect we think respondent erred.

*Decision will be entered under Rule 50.*