**JAMES PETROLEUM CORPORATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 28, Docket 24083.**

United States Court of Appeals Second Circuit.

Argued Oct. 9, 1956.

Decided Nov. 13, 1956.

Watson Washburn, of Washburn & Gray, New York City, for petitioner.

Melva M. Graney, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Hilbert P. Zarky, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, Chief Judge, and L. HAND and SWAN, Circuit Judges.

CLARK, Chief Judge.

 This petition for review of a decision of the Tax Court, 24 T.C. 509, assessing deficiencies against the petitioner-taxpayer in its income taxes for 1947 and 1948 raises issues as to the disallowance of its claimed deductions for losses of oil royalty interests and for depletion of such interests. On the first point petitioner contests the conclusion of the Tax Court that oil royalties which it sold for a nominal amount had become worthless prior to the year of sale and consequently did not give rise to deductible losses in that year under § 23(f) of the Internal Revenue Code of 1939.[1]

1. 1939 Internal Revenue Code:
"§ 23. Deductions from gross income.
* * * * *
"(f) Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise."
Treasury Regulations 111:
"Sec. 29.23(e)–1(b). In general losses for which an amount may be deducted

On this issue petitioner had the burden of showing that the losses occurred in the year of sale, and the Tax Court was not obliged to identify the year in which the properties became worthless in order to find that they had become worthless prior to the year claimed by the taxpayer. Boehm v. Commissioner, 1945, 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78.

The twelve royalties in question were purchased between 1927 and 1929 at prices from $14,761.35 to $1,121.42, and were sold in 1946, 1947, and 1948 at prices between $40 and $1. The wells underlying five of the royalties never produced oil; six of the properties produced at one time but drilling operations had been abandoned prior to the date of sale; and one was in a tract in which production had steadily dwindled from a peak of 226.36 barrels the year after purchase to 4.16 barrels in the year of sale. Between 1927 and 1948 numerous dry holes were drilled in and near the properties of the taxpayer. The taxpayer tried to establish the continuing worth of the royalties at the time of sale by evidence of the persistent but unsuccessful efforts of some other companies to find oil in this area and the equally persistent optimism of taxpayer's president. We cannot say, however, "that the Tax Court's inferences and conclusions on this factual matter are so unreasonable from an evidentiary standpoint as to require a reversal of its judgment." Boehm v. Commissioner, supra, 326 U.S. at page 294, 66 S.Ct. at page 124.

■ We are asked by taxpayer to declare that oil royalty interests are incapable of becoming worthless while the owner retains legal title to them and thus to avoid the hardship involved in requiring owners to determine the precise year of worthlessness. The argument has long been rejected by the Tax Court and the Board of Tax Appeals, e. g., Chaparral Oil Co. v. Commissioner, 43 B.T.A.

457, appeal dismissed 10 Cir., 1941, 122 F.2d 933; Harmon v. Commissioner, 1942, 1 T.C. 40, affirmed on another issue 10 Cir., 1943, 139 F.2d 211, reversed 1944, 323 U.S. 44, 65 S.Ct. 103, 89 L.Ed. 60; Heller v. Commissioner, 1942, 1 T.C. 222. Moreover, the clear words of the statute and the Regulations require the loss to be deducted in the year when it is sustained rather than in the year when the taxpayer chooses to recognize it.

■ Nor is a different result required if these royalty interests are treated as real property. Taxpayer contends that real property has never been held to become worthless while the owner retains legal title unless there has been an abandonment by the taxpayer and a write-off on his books, neither of which were present here. But even in real property cases abandonment is not a prerequisite, but merely evidence of worthlessness. Helvering v. Gordon, 4 Cir., 1943, 134 F.2d 685. For the purpose of determining the year in which a loss was sustained it is not significant whether the royalty was realty or personalty. Commissioner of Internal Revenue v. Hoffman, 2 Cir., 1941, 117 F.2d 987. An oil royalty interest is only a right to share in oil and gas if and when produced, and the taxpayer's failure to abandon such property does not conclusively establish its worth any more than a similar failure to abandon shares of stock establishes that the shares still have value. Cf. Boehm v. Commissioner, supra.

The other items of dispute between taxpayer and Commissioner similarly hinge on the latter's unwillingness to share the optimism of taxpayer's president about the chance of producing oil from the land in which taxpayer held leases and royalties.

■ Here, too, the Tax Court's findings were grounded on substantial evidence. The disallowance of the loss de-

from gross income must be evidenced by closed and completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed. Substance and not mere form will govern in determining deductible losses."

duction on the Gilbreath royalty and the disallowance of the depletion claimed under Section 113(b) (1) (B) of the 1939 I.R.Code must stand.

Affirmed.