104 F.3d 355
 79 A.F.T.R.2d 97-352, 97-1 USTC P 50,171
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mark D. LEBOW and Catherine Lebow Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-4145.
 United States Court of Appeals, Second Circuit.
 Dec. 19, 1996.
 
 Appeal from the United States Tax Court (Mary Ann Cohen, Judge).
 APPEARING FOR APPELLANTS: Emilio A. Dominianni, Coudert Brothers, New York, NY.
 APPEARING FOR APPELLEE: Frank P. Cihlar, Tax Division, Department of Justice, Washington, D.C.
 U.S.T.C.
 AFFIRMED.
 Before FEINBERG, ALTIMARI and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States Tax Court and was argued by counsel for the appellants and appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.
 
 
 3
 Appellants Mark D. Lebow and Catherine Lebow[1] appeal from the judgment of the United States Tax Court (Mary Ann Cohen, Judge), entered July 26, 1995, denying appellants a loss deduction under Section 165 of the Internal Revenue Code ("I.R.C."), 68A Stat. 891, 26 U.S.C. § 7442, and imposing a $5,000 penalty under I.R.C. § 6673 for delay and frivolous claim.
 
 
 4
 Appellant made a $10,000 cash investment in the partnership of Peat Oil & Gas Associates ("Peat") in 1981 as a limited partner. Peat engaged in two activities: (1) development of a synthetic fuel from peat, by a process known as the "Koppelman Process," and (2) oil and gas drilling.
 
 
 5
 On his joint income tax return for 1981, appellant made a deduction under I.R.C. § 165(a), reflecting incurred distributive losses. These losses derived from license fees, research and development expenses, and certain non-cash interest accruals in connection with the Koppelman Process activity. Several other investors made similar deductions, prompting the Internal Revenue Service ("IRS") to conduct an examination of Peat's operations.
 
 
 6
 In July 1987, as a result of their investigation, the IRS sent deficiency notices to all of the taxpayers involved, determining that the distributive loss deductions with respect to Peat were not allowable because the requirements of I.R.C. § 165(c) had not been met. The IRS determined that the investment in Peat was lacking in "economic substance" because Peat had not engaged in the Koppelman Process activity for the purpose of, or with an actual and honest objective of, making a profit. Therefore, pass-through of the distributive loss deductions was not allowable.
 
 
 7
 In October 1987, appellant filed a petition with the Tax Court disputing the Commissioner's disallowance of the distributive loss deduction in connection with his investment in Peat. This was one of several similar cases associated with Peat filed in the Tax Court. Appellant's case was held in abeyance while other cases were litigated. The Tax Court consolidated two test cases in Smith v. Commissioner, 91 T.C. 733 (1988), and held that the distributive loss deductions for 1981 should not be allowed because the derivation of the claimed losses related to the Koppelman Process activity which lacked economic substance.
 
 
 8
 One of the consolidated cases was appealed to the Eleventh Circuit and was affirmed. Karr v. Commissioner, 924 F.2d 1018 (11th Cir.1991). The second case was appealed to the Sixth Circuit and was reversed. Smith v. Commissioner, 937 F.2d 1089 (6th Cir.1991).
 
 
 9
 The Tax Court consolidated six other cases in which Peat and several related partnerships sought review of the Commissioner's disallowance of the pass-through distributive loss deductions. In Peat Oil & Gas Associates v. Commissioner, 100 T.C. 271 (1993), aff'd sub nom. Ferguson v. Commissioner, 29 F.3d 98 (2d Cir.1994), the Tax Court reasserted its prior finding that the Koppelman Process activity lacked economic substance. This Court affirmed the Tax Court's finding. Id.
 
 
 10
 On October 24, 1994, the Tax Court issued an order to show cause requiring the parties in the instant action to prepare a decision reflecting Ferguson's final resolution of the pass-through disallowances, and "setting forth issues, if any remaining to be tried." Appellant conceded the Ferguson findings disallowing the pass-through deductions for the distributive losses, but contended for the first time that he was entitled to deduct his initial cash investment of $10,000 in 1981 as a loss under Section 165 for that year.
 
 
 11
 On July 25, 1995, the Tax Court issued its opinion, holding that appellant was not entitled to the $10,000 loss deduction because he had not proven that his investment in Peat, as a whole, was worthless in 1981.
 
 
 12
 We affirm the Tax Court's decision on the same grounds. It is settled law that a taxpayer has the burden of proving that a loss was in fact sustained in the year claimed. See Boehm v. Commissioner, 326 U.S. 287, 294 (1945); James Petroleum Corp. v. Commissioner, 238 F.2d 678, 680 (2d Cir.1956). Treasury Regulations long have required that losses deductible under Section 165(a) must be "evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year." Treas. Reg. § 1.165-1(d)(1).
 
 
 13
 Appellant argues that the Tax Court's finding that Peat's "Koppelman Process was worthless in 1981," and the Court's statement in Smith that "[t]he promotional memoranda of [Peat] represented that notes relating to the Koppelman Process Activity would be paid by revenue from gas and oil well drilling operations," 91 T.C. at 743, are inconsistent with the Court's finding that appellant failed to establish that the loss of his cash investment was incurred in 1981. He argues that it cannot be maintained that Peat had value in 1981 while also holding that the Koppelman Process was worthless in 1981, because all revenues from the oil and gas activity would be used in the worthless Koppelman Process venture.
 
 
 14
 This argument fails because appellants did not invest directly in the Koppelman Process; they invested in Peat, which operated two different activities. Appellant offers no evidence to compel the conclusion that the revenues from Peat's oil and gas activities must be disregarded because they were to be used to repay the Koppelman notes. He offers only deductive reasoning. It is possible that the oil and gas revenues would have been sufficient to both pay off the notes and to provide a return to the Peat investors, and that the oil and gas drilling operations may be continuing today as a thriving concern.
 
 
 15
 Furthermore, if as appellant asserts, Peat as a whole was worthless in 1981, appellant would still not be entitled to claim a deduction under Section 165, because the entire Peat venture would then lack economic substance, and would again be precluded by Section 165.[2]
 
 
 16
 Finally, we hold that it was not an abuse of discretion for the Tax Court to assess the $5,000 penalty under I.R.C. § 6673. Under I.R.C. § 6673, the Tax Court may require a taxpayer to pay a penalty whenever it appears that "proceedings before it have been instituted primarily for delay" or when "the taxpayer's position in such proceeding is frivolous or groundless." Appellant admitted that he knew by 1985 that he could not claim the distributive loss deductions, and he ceased claiming these deductions on his tax return from then on; yet he alleged he was entitled to deduct his share of the distributive loss when he filed his petition in this case in 1987. In addition, appellant advanced a Section 165(a) claim for a loss deduction for his cash investment without offering any facts or law to support his burden of proof that the investment in Peat was evidenced by a closed and completed transaction that was worthless in 1981. For these reasons, the penalty assessed by the Tax Court is affirmed.
 
 
 
 [1]
 Appellants were divorced by the time their petition was filed in Tax Court. All further references to "appellant" are to Mark D. Lebow only
 
 
 [2]
 It should be noted that appellant's profit motive is irrelevant because, where profit motive is an issue, it is the partnership's profit motive that must be established. A taxpayer's subjective profit motive is not relevant under Section 165(c)(2) if the underlying transaction has no economic substance. See, e.g., Ferguson v. Commissioner, 29 F.3d at 102; Gardner v. Commissioner, 954 F.2d 836, 839 (2d Cir.1992)